# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

C C08- 730 WHA

FILED

SEP 24 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

IVAN CERNA, et al.

DEFENDANT(S).

## THIRD SUPERSEDING INDICTMENT

A true bill.

*Lynda Benjamin*
Foreman

Filed in open court this 24 day of

September, 2009

**Brenda Tolbert**

NO BAIL ARREST WARRANTS

Bail, $ _____
**Maria Elena James**

No bail arrest warrants to issue for Jose Junior and Giovanni Hernandez.

TO ISSUE

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

━━━ **OFFENSE CHARGED** ━━━

See attached

☐ Petty
☐ Minor
☐ Misde-
      meanor
☑ Felony

PENALTY:
See attached

┌─── **DEFENDANT - U.S.** ───

FILED

IVAN CERNA

**DISTRICT COURT NUMBER**

━━━ **PROCEEDING** ━━━
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:        **SHOW**
☐ U.S. Att'y ☐ Defense   **DOCKET NO.**
☑ this prosecution relates to a   } Cr-08-730-WHA
pending case involving this same
defendant                **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM        **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)       W.S. Wilson Leung

━━━ **DEFENDANT** ━━━

**IS _NOT_ IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other } ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    } give date
filed

**DATE OF**            Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED**        Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

━━━ **ADDITIONAL INFORMATION OR COMMENTS** ━━━

**PROCESS:**
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (1) IVAN CERNA, a/k/a "Tigre"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
FILED

─ OFFENSE CHARGED ─

See attached

☐ Petty
☐ Minor
☐ Misde-
      meanor
☑ Felony

SEP 2 DEFENDANT - U.S.

ANGEL NOEL GUEVARA

DISTRICT COURT NUMBER

PENALTY:
See attached

─ DEFENDANT ─

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
      If not detained give date any prior summons
      was served on above charges

─ PROCEEDING ─
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

☐ person is awaiting trial in another Federal or State
      Court, give name of court

☐ this person/proceeding is transferred from another
      district per (circle one) FRCrP 20, 21 or 40. Show
      District

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other
      charges                              ☐ Fed'l ☐ State

      If answer to (6) is "Yes", show name of institution

☐ this is a reprosecution of
      charges previously dismissed
      which were dismissed on
      motion of:
      ☐ U.S. Att'y ☐ Defense
☑ this prosecution relates to a
      pending case involving this same
      defendant
☐ prior proceedings or appearance(s)
      before U.S. Magistrate regarding
      this defendant were recorded under

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

Has detainer
been filed?          ☐ Yes          If "Yes"
                      ☐ No            give date
                                        filed

**DATE OF
ARREST**                                Month/Day/Year

**Name and Office of Person
Furnishing Information on
THIS FORM**          **JOSEPH P. RUSSONIELLO**
                      ☑ U.S. Att'y ☐ Other U.S. Agency

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**                        Month/Day/Year

**Name of Asst. U.S. Att'y
(if assigned)**          W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (3) ANGEL NOEL GUEVARA, a/k/a "Peloncito"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Counts Twenty-Five, Twenty-Seven, and Twenty-Nine: Assault with a Dangerous Weapon
in Aid of Racketeering (18 U.S.C. §§ 1959(a)(3) & 2)
For *each* count:
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

3

<u>Counts Twenty-Six, Twenty-Eight, and Thirty</u>: Attempted Murder in Aid of Racketeering
(18 U.S.C. §§ 1959(a)(5) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

4

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S.

MORIS FLORES

DISTRICT COURT NUMBER

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:            **SHOW**
☐ U.S. Att'y ☐ Defense   **DOCKET NO.**
☑ this prosecution relates to a   Cr-08-730-WHA
pending case involving this same
defendant
prior proceedings or appearance(s)   **MAGISTRATE**
before U.S. Magistrate regarding   **CASE NO.**
this defendant were recorded under

Name and Office of Person
Furnishing Information on   **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other   } ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of Institution

Has detainer ☐ Yes   } If "Yes"
been filed?  ☐ No    give date
filed

**DATE OF**   Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**   Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (4) MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

5

## ⌐ DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                   ☑ SUPERSEDING

┌─ **OFFENSE CHARGED** ─

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

**PENALTY:**
See attached

┌─ **PROCEEDING** ─
**Name of Complainant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
    Court, give name of court

☐ this person/proceeding is transferred from another
    district per (circle one) FRCrP 20, 21 or 40. Show
    District

☐ this is a reprosecution of
    charges previously dismissed
    which were dismissed on        **SHOW**
    motion of:                     **DOCKET NO.**
    ☐ U.S. Att'y ☐ Defense
    this prosecution relates to a         Cr-08-730-WHA
☑ pending case involving this same
    defendant                      **MAGISTRATE**
    ☐ prior proceedings or appearance(s)   **CASE NO.**
    before U.S. Magistrate regarding ▶
    this defendant were recorded under

**Name and Office of Person**
**Furnishing Information on**     **JOSEPH P. RUSSONIELLO**
    **THIS FORM**
            ☑ U.S. Att'y ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y**
    (if assigned)     W.S. Wilson Leung

**Name of District Court, and/or Judge/Magistrate Location**
**NORTHERN DISTRICT OF CALIFORNIA**

┌─ **DEFENDANT - U.S.** ─

**ERICK LOPEZ**

**DISTRICT COURT NUMBER**

┌─ **DEFENDANT** ─

**IS *NOT* IN CUSTODY**
    Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
       was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)


**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other    } ☐ Fed'l ☐ State
       charges
       If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes  } If "Yes"
been filed?      ☐ No   } give date
                          filed

**DATE OF**         Month/Day/Year
**ARREST** ▶

Or... if Arresting Agency & Warrant were not
                         Month/Day/Year
**DATE TRANSFERRED** ▶
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─ **ADDITIONAL INFORMATION OR COMMENTS** ─

**PROCESS:**
☐ SUMMONS ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

    If Summons, complete following:
    ☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
    Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

                        Date/Time:

                        Before Judge:

    Comments:

**(5) ERICK LOPEZ, a/k/a "Spooky"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
　　Maximum term of life imprisonment
　　Maximum term of 5 years' supervised release
　　Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
　　to the defendant; or (c) twice the gross pecuniary loss inflicted on another
　　Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
　　Maximum term of 10 years' imprisonment
　　Maximum term of 3 years' supervised release
　　Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
　　to the defendant; or (c) twice the gross pecuniary loss inflicted on another
　　Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
　　Maximum term of 3 years' imprisonment
　　Maximum term of 3 years' supervised release
　　Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
　　to the defendant; or (c) twice the gross pecuniary loss inflicted on another
　　Mandatory special assessment of $100

Counts Five and Six: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) & 2)
For *each* count:
　　Maximum punishment is death
　　Mandatory minimum term of life imprisonment
　　Maximum term of supervised release of 5 years
　　Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
　　to the defendant; or (c) twice the gross pecuniary loss inflicted on another
　　Mandatory special assessment of $100

Count Seven: Use/Possession of Firearm in Furtherance of Crime of Violence Resulting in
Murder (18 U.S.C. §§ 924(j)(1) & 2)
　　Maximum punishment is death
　　Maximum term of supervised release of 5 years
　　Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
　　to the defendant; or (c) twice the gross pecuniary loss inflicted on another
　　Mandatory special assessment of $100

<u>Count Eights and Nine</u>: Use/Possession of Firearm in Furtherance of Crime of Violence (18
U.S.C. §§ 924(c) & 2)

For *each* count:

  Maximum term of life imprisonment

  Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
  to any other term of imprisonment

  Maximum term of supervised release of 5 years

  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another

  Mandatory special assessment of $100

  If convicted of *both* counts, second count has a mandatory minimum term of 25 years'
  imprisonment that must be imposed consecutively, pursuant to 18 U.S.C. § 924(c)(1)(C)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
                          ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**DEFENDANT - U.S.**

JONATHAN CRUZ-RAMIREZ

**DISTRICT COURT NUMBER**

PENALTY:
See attached

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

## PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE CASE NO.**

### IS IN CUSTODY

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges     ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Yuba County Jail

Has detainer been filed?   ☐ Yes   ☐ No   If "Yes" give date filed

**DATE OF ARREST**     Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**     Month/Day/Year

**Name and Office of Person Furnishing Information on THIS FORM**

JOSEPH P. RUSSONIELLO

☑ U.S. Att'y ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (6) JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Counts Ten and Thirteen: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) & 2)
For *each* count:
    Maximum punishment is death
    Mandatory minimum term of life imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Eleven and Fourteen: Use/Possession of Firearm in Furtherance of Crime of Violence
Resulting in Murder (18 U.S.C. §§ 924(j)(1) & 2)
For *each* count:
    Maximum punishment is death
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

8

Counts Twelve, Fifteen, and Sixteen: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§ 924(c) & 2)

For *each* count:

Maximum term of life imprisonment

Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment

Maximum term of supervised release of 5 years

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

If convicted of *any two* counts, second count has a mandatory minimum term of 25 years' imprisonment that must be imposed consecutively, pursuant to 18 U.S.C. § 924(c)(1)(C)

9

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

---- OFFENSE CHARGED ----

See attached

☐ Petty
☐ Minor
☐ Misde-
     meanor
☑ Felony

PENALTY:
See attached

DEFENDANT - U.S.

GUILLERMO HERRERA

DISTRICT COURT NUMBER

---- PROCEEDING ----

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
     Court, give name of court

☐ this person/proceeding is transferred from another
     district per (circle one) FRCrP 20, 21 or 40. Show
     District

☐ this is a reprosecution of
     charges previously dismissed
     which were dismissed on
     motion of:
     ☐ U.S. Att'y ☐ Defense       **SHOW**
                                     **DOCKET NO.**
☑ this prosecution relates to a      Cr-08-730-WHA
     pending case involving this same
     defendant                     **MAGISTRATE**
     prior proceedings or appearance(s)  **CASE NO.**
     before U.S. Magistrate regarding
     this defendant were recorded under

Name and Office of Person
Furnishing Information on     **JOSEPH P. RUSSONIELLO**
     THIS FORM
          ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
     (if assigned)     W.S. Wilson Leung

---- DEFENDANT ----

**IS _NOT_ IN CUSTODY**
        Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
        was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other  } ☐ Fed'l ☐ State
        charges
        If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?      ☐ No     give date
                          filed

**DATE OF**              Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**     Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(7) GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Thirteen: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) & 2)
    Maximum punishment is death
    Mandatory minimum term of life imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Fourteen: Use/Possession of Firearm in Furtherance of Crime of Violence Resulting in
Murder (18 U.S.C. §§ 924(j)(1) & 2)
    Maximum punishment is death
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Fifteen: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§ 924(c) & 2)

Maximum term of life imprisonment

Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment

Maximum term of supervised release of 5 years

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

11

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

—— OFFENSE CHARGED ——

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached

—— Name of District Court, and/or Judge/Magistrate Location ——
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S.

WALTER CHINCHILLA-LINAR

DISTRICT COURT NUMBER

—————————————— PROCEEDING ——————————————
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
  ☐ U.S. Att'y ☐ Defense
☑ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**SHOW**
**DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE**
**CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM        **JOSEPH P. RUSSONIELLO**
        ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

—————————————— DEFENDANT ——————————————

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
     was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other  } ☐ Fed'l ☐ State
     charges

  If answer to (6) is "Yes", show name of Institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
                         filed

**DATE OF**        Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

—————— ADDITIONAL INFORMATION OR COMMENTS ——————

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                     or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (8) WALTER CHINCHILLA-LINAR, a/k/a "Demonio"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Seventeen: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) & 2)
    Maximum punishment is death
    Mandatory minimum term of life imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
FILED

--- OFFENSE CHARGED ---

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**DEFENDANT - U.S.**

CESAR ALVARADO

DISTRICT COURT NUMBER:

PENALTY:
See attached

--- DEFENDANT ---

**IS _NOT_ IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

--- PROCEEDING ---

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton and John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE CASE NO.**

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

**Name and Office of Person Furnishing Information on THIS FORM**
JOSEPH P. RUSSONIELLO
☑ U.S. Att'y ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)** W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (9) CESAR ALVARADO, a/k/a "Momia"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Seventeen: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) & 2)
Maximum punishment is death
Mandatory minimum term of life imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

13

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── **OFFENSE CHARGED** ───

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached

**DEFENDANT - U.S.**

**LUIS HERRERA**

DISTRICT COURT NUMBER

─────── **DEFENDANT** ───────

**IS *NOT* IN CUSTODY**

─────── **PROCEEDING** ───────
**Name of Complainant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

☐ person is awaiting trial in another Federal or State
Court, give name of court

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

**IS IN CUSTODY**

4) ☑ On this charge

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

**SHOW
DOCKET NO.**

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ Fed'l ☐ State

☐ this prosecution relates to a
pending case involving this same
defendant

**MAGISTRATE
CASE NO.**

If answer to (6) is "Yes", show name of institution

Yuba County Jail

☐ prior proceedings or appearance(s)
☑ before U.S. Magistrate regarding
this defendant were recorded under
09-MJ-70715

Has detainer
been filed?
☐ Yes
☐ No

If "Yes"
give date
filed

**DATE OF
ARREST** 9/22/2009

Month/Day/Year

Name and Office of Person
Furnishing Information on
THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** 9/22/2009

Month/Day/Year

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (10) LUIS HERRERA, a/k/a "Killer"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Eighteen: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) & 2)
Maximum punishment is death
Mandatory minimum term of life imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Nineteen: Use/Possession of Firearm in Furtherance of Crime of Violence Resulting in
Murder (18 U.S.C. §§ 924(j)(1) & 2)
Maximum punishment is death
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

14

Counts Twenty, Twenty-One, and Twenty-Two: Attempted Murder in Aid of Racketeering
(18 U.S.C. §§ 1959(a)(5) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Twenty-Three and Twenty-Four: Use/Possession of Firearm in Furtherance of Crime
of Violence (18 U.S.C. §§ 924(c) & 2)

For *each* count:

Maximum term of life imprisonment

Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment

Maximum term of supervised release of 5 years

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

If convicted of *both* counts, second count has a mandatory minimum term of 25 years'
imprisonment that must be imposed consecutively, pursuant to 18 U.S.C. § 924(c)(1)(C)

15

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| --- |
| NORTHERN DISTRICT OF CALIFORNIA |

FILED

## OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attached

DEFENDANT - U.S.

DANILO VELASQUEZ

DISTRICT COURT NUMBER

## DEFENDANT

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐  If not detained give date any prior summons
       was served on above charges
2) ☐  Is a Fugitive
3) ☐  Is on Bail or Release from (show District)

## PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on      **SHOW**
   motion of:                   **DOCKET NO.**
   ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
   pending case involving this same
   defendant                    **MAGISTRATE**
   prior proceedings or appearance(s)  **CASE NO.**
☑ before U.S. Magistrate regarding
   this defendant were recorded under  09-MJ-70823

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
THIS FORM
   ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      W.S. Wilson Leung

### IS IN CUSTODY
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other    } ☐ Fed'l ☐ State
      charges
   If answer to (6) is "Yes", show name of institution
   Yuba County Jail

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No  } give date
                         filed

**DATE OF**       Month/Day/Year
**ARREST**      9/22/2009

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**   Month/Day/Year
**TO U.S. CUSTODY**   9/22/2009

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (11) DANILO VELASQUEZ, a/k/a "Triste"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
  Maximum term of life imprisonment
  Maximum term of 5 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
  Maximum term of 10 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
  Maximum term of 3 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
  Maximum term of life imprisonment
  Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
  to any other term of imprisonment
  Maximum term of supervised release of 5 years
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☑ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:
See attached

**PROCEEDING**

Name of Complaining Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on            **SHOW**
motion of:                        **DOCKET NO.**
  ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
pending case involving this same
defendant                          **MAGISTRATE**
☐ prior proceedings or appearance(s)   **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on     **JOSEPH P. RUSSONIELLO**
THIS FORM
              ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)     W.S. Wilson Leung

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S.

GIOVANNI HERNANDEZ

DISTRICT COURT NUMBER

**DEFENDANT**

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
     was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other    } ☐ Fed'l ☐ State
     charges
     If answer to (6) is "Yes", show name of Institution

     Yuba County Jail

Has detainer    ☐ Yes   If "Yes"
been filed?     ☐ No  } give date
                          filed

**DATE OF**    Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

                        Date/Time:

                        Before Judge:

Comments:

## (12) GIOVANNI HERNANDEZ, a/k/a "Candil"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

DEFENDANT - U.S.

WALTER CRUZ-ZAVALA

DISTRICT COURT NUMBER

PENALTY:
See attached

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

## PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE CASE NO.**

### IS IN CUSTODY
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

**Name and Office of Person Furnishing Information on THIS FORM**  JOSEPH P. RUSSONIELLO
☑ U.S. Att'y ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y** (if assigned)  W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

## (13) WALTER YOVANI CRUZ-ZAVALA, a/k/a "Sombra"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
FILED NORTHERN DISTRICT OF CALIFORNIA

─── **OFFENSE CHARGED** ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

─── **DEFENDANT - U.S.** ───

DANIEL PORTILLO

**DISTRICT COURT NUMBER**

PENALTY:
See attached

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**

─── **PROCEEDING** ───
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

☐ person is awaiting trial in another Federal or State
Court, give name of court

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges      } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
☑ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**SHOW DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE CASE NO.**

Has detainer
been filed?   ☐ Yes   If "Yes"
give date
☐ No     filed

**DATE OF ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**Name and Office of Person
Furnishing Information on
THIS FORM**   **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

**DATE TRANSFERRED
TO U.S. CUSTODY**   Month/Day/Year

**Name of Asst. U.S. Att'y**
(if assigned)   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (14) DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Thirty-One: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. §§
1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Thirty-Two: Attempted Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(5) & 2)
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Thirty-Three: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§ 924(c) & 2)

Maximum term of life imprisonment

Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment

Maximum term of supervised release of 5 years

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☑ SUPERSEDING

---

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
   ☐ U.S. Att'y   ☐ Defense
☑ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on   **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

FILED

DEFENDANT - U.S.

► CARLOS GARRIDO

DISTRICT COURT NUMBER

---

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons
   was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes     If "Yes"
been filed?      ☐ No      give date
                           filed   }

DATE OF         Month/Day/Year
ARREST   ►

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ►   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

## (15) CARLOS GARRIDO, a/k/a "Tweety"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT　☐ INFORMATION　☑ INDICTMENT
　　　　　　　　　　　　　　　　　☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

─ DEFENDANT - U.S. ─

▶ DOUGLAS LARGAESPADA

DISTRICT COURT NUMBER

## PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
　☐ U.S. Att'y　☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM**　JOSEPH P. RUSSONIELLO

☑ U.S. Att'y　☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**　W.S. Wilson Leung

## DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
_____

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges　　} ☐ Fed'l　☐ State

If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed?　☐ Yes　☐ No　} If "Yes" give date filed

**DATE OF ARREST** ▶　Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶　Month/Day/Year

☐ This report amends AO 257 previously submitted

## ─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS　☑ NO PROCESS*　☐ WARRANT　Bail Amount: _____

If Summons, complete following:
☐ Arraignment　☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

### (16) DOUGLAS LARGAESPADA, a/k/a "Droopy"

<u>Count One</u>: Racketeering Conspiracy (18 U.S.C. § 1962(d))
   Maximum term of life imprisonment
   Maximum term of 5 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

<u>Count Two</u>: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
   Maximum term of 10 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

<u>Count Three</u>: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
   Maximum term of 3 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

<u>Count Four</u>: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
   Maximum term of life imprisonment
   Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
   to any other term of imprisonment
   Maximum term of supervised release of 5 years
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

<u>Count Thirty-Four</u>: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. §§
1959(a)(3) & 2)
   Maximum term of 20 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
FILED

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

───── DEFENDANT - U.S. ─────
SEP 24 PM 3: 50

ARISTIDES CARCAMO
NORTHERN DISTRICT COURT

DISTRICT COURT NUMBER

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NDCA

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other
charges ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes If "Yes"
been filed? ☐ No give date
filed

**DATE OF
ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

Name and Office of Person
Furnishing Information on
THIS FORM **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

**DATE TRANSFERRED
TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (17) ARISTIDES CARCAMO

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Forty-Four: Conspiracy to Commit Robbery Affecting Interstate Commerce (18
U.S.C. § 1951(a))
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Forty-Nine: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT

☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

—— OFFENSE CHARGED ——

See attached

☐ Petty

☐ Minor

☐ Misde-
meanor

☑ Felony

PENALTY:
See attached

—— DEFENDANT - U.S. ——

RAFAEL MONTOYA

DISTRICT COURT NUMBER

—————— PROCEEDING ——————
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant

☑ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**SHOW
DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE
CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

—————— DEFENDANT ——————

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other
charges   }   ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer
been filed?   ☐ Yes   }   If "Yes"
give date
filed   ☐ No

**DATE OF
ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**   Month/Day/Year

☐ This report amends AO 257 previously submitted

—————— ADDITIONAL INFORMATION OR COMMENTS ——————

PROCESS:

☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:

☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (18) RAFAEL MONTOYA

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Forty-Four: Conspiracy to Commit Robbery Affecting Interstate Commerce (18
U.S.C. § 1951(a))
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
FILED

─── OFFENSE CHARGED ───

See attached
☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**DEFENDANT - U.S.** PM 3: 49

▶ WILBERT CASTILLO

DISTRICT COURT NUMBER

PENALTY:
See attached

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton and John Moore, Dept. of Homeland Security/ICE

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: ☐ U.S. Att'y ☐ Defense

**SHOW DOCKET NO.**

Cr-08-730-WHA

☑ this prosecution relates to a pending case involving this same defendant

**MAGISTRATE CASE NO.**

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM

**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

Name of Asst. U.S. Att'y (if assigned)   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## (19) WILBERT CASTILLO, a/k/a "Cypress"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
FILED

---— OFFENSE CHARGED —---

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

**DEFENDANT - U.S.**
SEP 24 PM 3:49

JOSE QUINTEROS

DISTRICT COURT NUMBER

PENALTY:
See attached

---— DEFENDANT —---

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons
   was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

---— PROCEEDING —---

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
    Court, give name of court

☐ this person/proceeding is transferred from another
    district per (circle one) FRCrP 20, 21 or 40. Show
    District

☐ this is a reprosecution of
    charges previously dismissed
    which were dismissed on
    motion of:
    ☐ U.S. Att'y ☐ Defense
    this prosecution relates to a
☑ pending case involving this same
    defendant
    prior proceedings or appearance(s)
    before U.S. Magistrate regarding
    this defendant were recorded under

SHOW
DOCKET NO.
Cr-08-730-WHA

MAGISTRATE
CASE NO.

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer
been filed? ☐ Yes ☐ No } If "Yes"
give date
filed

**DATE OF
ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶ Month/Day/Year

Name and Office of Person
Furnishing Information on
THIS FORM
**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

---— ADDITIONAL INFORMATION OR COMMENTS —---

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## (20) JOSE QUINTEROS, a/k/a "Fantasma" --- NOT IN CUSTODY

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
  Maximum term of life imprisonment
  Maximum term of 5 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
  Maximum term of 10 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
  Maximum term of 3 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
  Maximum term of life imprisonment
  Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
  to any other term of imprisonment
  Maximum term of supervised release of 5 years
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  
                               ☑ SUPERSEDING

┌─── OFFENSE CHARGED ───

See attached

☐ Petty  
☐ Minor  
☐ Misdemeanor  
☑ Felony

PENALTY:  
See attached

┌─── PROCEEDING ───  
Name of Complaintant Agency, or Person (&Title, if any)  
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  
    ☐ U.S. Att'y  ☐ Defense  
☑ this prosecution relates to a pending case involving this same defendant  
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}  SHOW DOCKET NO.  
Cr-08-730-WHA  

MAGISTRATE CASE NO.

Name and Office of Person  
Furnishing Information on THIS FORM    **JOSEPH P. RUSSONIELLO**  
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y  
(if assigned)    W.S. Wilson Leung

───────────────────────

┌─── Name of District Court, and/or Judge/Magistrate Location ───  
**NORTHERN DISTRICT OF CALIFORNIA**  
FILED

DEFENDANT - U.S.  
09 SEP 24 PM 3: 49

MELVIN MALDONADO  
CLERK, U.S DISTRICT COURT  
DISTRICT COURT NUMBER

┌─── DEFENDANT ───

**IS *NOT* IN CUSTODY**  
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**  
4) ☑ On this charge  
5) ☐ On another conviction  
6) ☐ Awaiting trial on other charges    }  ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  }  If "Yes" give date filed

**DATE OF ARREST**    Month/Day/Year

Or... if Arresting Agency & Warrant were not  
**DATE TRANSFERRED TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:  
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:  
☐ Arraignment  ☐ Initial Appearance  
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (21) MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

— OFFENSE CHARGED —

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED

SEP 24 PM 3:49

— DEFENDANT - U.S. —

MANUEL FRANCO

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
N. DIST. OF CA.

DISTRICT COURT NUMBER

— PROCEEDING —
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

this prosecution relates to a
☑ pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

— DEFENDANT —

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges       } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
                         filed

**DATE OF ARREST**    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (22) MANUEL FRANCO, a/k/a "Dreamer"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

FILED

─── DEFENDANT - U.S. ───

SEP 24 PM 3:49

RODRIGO MOLINA

CLERK, U.S. DISTRICT COURT

DISTRICT COURT NUMBER

─── PROCEEDING ───
**Name of Complainant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:          **SHOW**
☐ U.S. Att'y ☐ Defense   **DOCKET NO.**
☑ this prosecution relates to a   Cr-08-730-WHA
pending case involving this same
defendant                **MAGISTRATE**
☐ prior proceedings or appearance(s)   **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under▸

Name and Office of Person
Furnishing Information on   **JOSEPH P. RUSSONIELLO**
THIS FORM
          ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

─── DEFENDANT ───

**IS NOT IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons▸
   was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

   If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date
                       filed

**DATE OF**      Month/Day/Year
**ARREST**

   Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED**▸   Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

**PROCESS:**
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

                       Date/Time:

                       Before Judge:

Comments:

## (23) RODRIGO MOLINA, a/k/a "Little Payaso," a/k/a "Payaso"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))

Maximum term of life imprisonment

Maximum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))

Maximum term of 3 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)

Maximum term of life imprisonment

Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment

Maximum term of supervised release of 5 years

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Counts Forty-Seven, Forty-Eight, Fifty-Three, Fifty-Four, and Fifty-Five: Attempted
Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                   ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
FILED

┌─ OFFENSE CHARGED ─┐

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached

**DEFENDANT - U.S.**
SEP 24 PM 3: 49

MAURICIO URIAS
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
DISTRICT COURT NUMBER

┌─ PROCEEDING ─┐
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40.  Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                    **SHOW**
☐ U.S. Att'y  ☐ Defense    **DOCKET NO.**

☑ this prosecution relates to a
pending case involving this same    Cr-08-730-WHA
defendant                           **MAGISTRATE**
☐ prior proceedings or appearance(s)   **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on    **JOSEPH P. RUSSONIELLO**
     THIS FORM
           ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

┌──────── DEFENDANT ────────┐

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
       was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other     } ☐ Fed'l  ☐ State
      charges
      If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes     If "Yes"
been filed?      ☐ No  }  give date
                      filed

**DATE OF**     Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**     Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

┌──── ADDITIONAL INFORMATION OR COMMENTS ────┐

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (24) MAURICIO URIAS, a/k/a Puppet"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
   Maximum term of life imprisonment
   Maximum term of 5 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
   Maximum term of 10 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
   Maximum term of 3 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
   Maximum term of life imprisonment
   Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
   to any other term of imprisonment
   Maximum term of supervised release of 5 years
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Thirty-Five: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or
More of Actual Methamphetamine and a Quantity of Cocaine (21 U.S.C. § 846 and
841(b)(1)(A))
   Maximum term of life imprisonment
   Mandatory minimum term of 10 years' imprisonment
   Maximum term of supervised release of life
   Mandatory minimum term of 5 years' supervised release
   Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Counts Thirty-Six, Thirty-Seven, Thirty-Eight, and Thirty-Nine: Distribution/Possession with
Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) &
(b)(1)(B), and 18 U.S.C. § 2)

    For *each* count:

    Maximum term of 40 years' imprisonment

    Mandatory minimum term of 5 years' imprisonment

    Maximum term of supervised release of life

    Mandatory minimum term of 4 years' supervised release

    Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

Counts Forty, Forty-One, Forty-Two, and Forty-Three: Distribution/Possession with Intent to
Distribute a Quantity of Cocaine (21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and 18 U.S.C. § 2)

    For *each* count:

    Maximum term of 20 years' imprisonment

    Maximum term of supervised release of life

    Mandatory minimum term of 3 years' supervised release

    Maximum fine of the greatest of either: (a) $1 million; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached

─── PROCEEDING ───

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton and John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:    SHOW
   ☐ U.S. Att'y ☐ Defense   DOCKET NO.
this prosecution relates to a   Cr-08-730-WHA
☑ pending case involving this same defendant
☐ prior proceedings or appearance(s)   MAGISTRATE
before U.S. Magistrate regarding   CASE NO.
☐ this defendant were recorded under

Name and Office of Person
Furnishing Information on **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA
FILED

DEFENDANT - U.S. SEP 24 PM 3: 49

JOHN LACSAMAN BRIEZ
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY**   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(26) JOHN LACSAMANA BRIEZ**

Count Thirty-Five: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or
More of Actual Methamphetamine (21 U.S.C. § 846 and 841(b)(1)(A))

Maximum term of life imprisonment

Mandatory minimum term of 10 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Counts Thirty-Six, Thirty-Seven, and Thirty-Nine: Distribution/Possession with Intent to
Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) &
(b)(1)(B), and 18 U.S.C. § 2)

For *each* count:

Maximum term of 40 years' imprisonment

Mandatory minimum term of 5 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 4 years' supervised release

Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

━━━ OFFENSE CHARGED ━━━

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

━━━ Name of District Court, and/or Judge/Magistrate Location ━━━
NORTHERN DISTRICT OF CALIFORNIA
FILED

━━━ DEFENDANT - U.S. ━━━

JUDITH SOSA

DISTRICT COURT NUMBER

━━━━━━━ DEFENDANT ━━━━━━━

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons
   was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

   NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other } ☐ Fed'l ☐ State
     charges

   If answer to (6) is "Yes", show name of institution

━━━ PROCEEDING ━━━
Name of Complainant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
  Court, give name of court

☐ this person/proceeding is transferred from another
  district per (circle one) FRCrP 20, 21 or 40. Show
  District

☐ this is a reprosecution of
  charges previously dismissed
  which were dismissed on
  motion of:
  ☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a
  pending case involving this same
  defendant
  prior proceedings or appearance(s)
  before U.S. Magistrate regarding
  this defendant were recorded under

} SHOW
  DOCKET NO.
  Cr-08-730-WHA

  MAGISTRATE
  CASE NO.

Has detainer      ☐ Yes }  If "Yes"
been filed?       ☐ No  }  give date
                          filed

**DATE OF** ▶  Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶  Month/Day/Year
**TO U.S. CUSTODY**

Name and Office of Person
Furnishing Information on    **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

━━━━━━━ ADDITIONAL INFORMATION OR COMMENTS ━━━━━━━

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(25) JUDITH SOSA, a/k/a "J-Dubbs"**

Count Thirty-Five: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or
More of Actual Methamphetamine (21 U.S.C. § 846 and 841(b)(1)(A))

Maximum term of life imprisonment

Mandatory minimum term of 10 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Counts Thirty-Six, Thirty-Seven, Thirty-Eight, and Thirty-Nine: Distribution/Possession with
Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) &
(b)(1)(B), and 18 U.S.C. § 2)

For *each* count:

Maximum term of 40 years' imprisonment

Mandatory minimum term of 5 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 4 years' supervised release

Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT   ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

SEP 24 PM 3:43

## OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**DEFENDANT - U.S.**

IRENE MONTES-MAYORGA

DISTRICT COURT NUMBER

PENALTY:
See attached

## DEFENDANT

**IS _NOT_ IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

## PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE CASE NO.**

Has detainer been filed? ☐ Yes ☐ No  } If "Yes" give date filed

**DATE OF ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**   Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM
**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

## (27) RENE MONTES-MAYORGA, a/k/a "Negro"

Count Forty-Five: Engaging in the Unlicensed Business of Firearms Dealing (18 U.S.C. §§ 922(a)(1)(A) and 2)

Maximum term of 5 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Forty-Six: Alien in Possession of Firearm (18 U.S.C. § 922(g)(5))

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
                                  ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
**NORTHERN DISTRICT OF CALIFORNIA**
F I L E D

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

**DEFENDANT - U.S.**

▶ DANIEL GONZALEZ

DISTRICT COURT NUMBER

09 SEP 24 PM 3: 48

### PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
   ☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

     SHOW
   DOCKET NO.

Cr-08-730-WHA

   MAGISTRATE
   CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM     **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

### DEFENDANT

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
     was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other } ☐ Fed'l ☐ State
     charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No     give date
                        filed

**DATE OF**
**ARREST** ▶     Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶     Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount:   No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                       or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(29) DANIEL GONZALEZ, a/k/a "D"**

Counts Fifty, Fifty-One, Fifty-Two, Fifty-Six, Fifty-Seven, Fifty-Eight, Fifty-Nine, and
Sixty: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

37

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───

See attached
☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                          **SHOW**
☐ U.S. Att'y ☐ Defense     **DOCKET NO.**
this prosecution relates to a     Cr-08-730-WHA
☑ pending case involving this same
defendant
prior proceedings or appearance(s)   **MAGISTRATE**
☐ before U.S. Magistrate regarding    **CASE NO.**
this defendant were recorded under

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      W.S. Wilson Leung

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA
F I L E D

DEFENDANT - U.S. SEP 24 PM 3:48

RODIL NOCHEZ A. U S DISTRICT COURT
...:::D:::::::::

DISTRICT COURT NUMBER

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons
   was served on above charges
2) ☐ Is a Fugitive
3) ☑ Is on Bail or Release from (show District)

   NDCA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other   } ☐ Fed'l ☐ State
      charges
   If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   }  If "Yes"
been filed?    ☐ No     }  give date
                           filed

**DATE OF**      Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED**      Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## **(28) RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto"**

Counts Fifty, Fifty-One, Fifty-Two, Fifty-Six, Fifty-Seven, Fifty-Eight, Fifty-Nine, and Sixty: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

1 | JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

2

3

4

5

6

7



8

### UNITED STATES DISTRICT COURT

9

### NORTHERN DISTRICT OF CALIFORNIA

10

### SAN FRANCISCO DIVISION

11

12 | UNITED STATES OF AMERICA, )

13 | v. )

14 | (1) IVAN CERNA,
a/k/a "Tigre,"

15 | (2) MARVIN CARCAMO,
a/k/a "Cyco,"

16 | a/k/a "Psycho,"
a/k/a "Syco,"

17 | (3) ANGEL NOEL GUEVARA,
a/k/a "Peloncito,"

18 | (4) MORIS FLORES,
a/k/a "Slow,"

19 | a/k/a "Slow Pain,"
(5) ERICK LOPEZ,

20 | a/k/a "Spooky,"
(6) JONATHAN CRUZ-RAMIREZ,

21 | a/k/a "Soldado,"
(7) GUILLERMO HERRERA,

22 | a/k/a "Shorty,"
a/k/a "Sparky,"

23 | (8) WALTER CHINCHILLA-LINAR,
a/k/a "Demonio,"

24 | (9) CESAR ALVARADO,
a/k/a "Momia,"

25 | (10) LUIS HERRERA,
a/k/a "Killer,"

26 | (11) DANILO VELASQUEZ,
a/k/a "Triste,"

27 | (12) GIOVANNI HERNANDEZ,
a/k/a "Candil,"

28 | (13) WALTER CRUZ-ZAVALA,
a/k/a "Sombra,"

Criminal No: CR 08-730 WHA

VIOLATIONS:

18 U.S.C. § 1962(d) — RICO Conspiracy
18 U.S.C. § 1959 — Violent Crimes in
Aid of Racketeering
18 U.S.C. § 924(j) — Use or Possession
of Firearm in Furtherance of Crime of
Violence Resulting in Murder
18 U.S.C. § 924(c) — Use or Possession
of Firearm in Furtherance of Crime of
Violence
21 U.S.C. § 846 — Conspiracy to
Distribute/Possess with Intent to
Distribute Controlled Substance
21 U.S.C. § 841(a)(1), (b)(1)(A),
(b)(1)(B), and (b)(1)(C) —
Distribution or Possession with Intent
to Distribute Controlled Substance
18 U.S.C. § 1951(a) — Conspiracy to
Commit Robbery Affecting Interstate
Commerce
18 U.S.C. § 922(a)(1) — Unlicensed
Firearms Dealing
18 U.S.C. § 922(g)(5) — Alien in
Possession of Firearm
18 U.S.C. § 553(a) — Attempted
Exportation of Stolen Vehicle
18 U.S.C. § 2 — Aiding & Abetting

SAN FRANCISCO VENUE

1  (14) DANIEL PORTILLO, )
      a/k/a "Rustin," )
2      a/k/a "Rooster," )
    (15) CARLOS GARRIDO, )
3      a/k/a "Tweety," )
    (16) DOUGLAS LARGAESPADA, )
4      a/k/a "Droopy," )
    (17) ARISTIDES CÁRCAMO, )
5      a/k/a "Indio," )
    (18) RAFAEL MONTOYA, )
6      a/k/a "Sapo," )
    (19) WILBERT CASTILLO, )
7      a/k/a "Cypress," )
    (20) JOSE QUINTEROS, )
8      a/k/a "Fantasma," )
    (21) MELVIN MALDONADO, )
9      a/k/a "Estrano," )
      a/k/a "Stranger," )
10 (22) MANUEL FRANCO, )
      a/k/a "Dreamer," )
11 (23) RODRIGO MOLINA, )
      a/k/a "Lil Payaso," )
12      a/k/a "Payaso," )
    (24) MAURICIO URIAS, )
13      a/k/a "Puppet," )
    (25) JUDITH SOSA, )
14      a/k/a "J-Dubbs," )
    (26) JOHN LACSAMANA BRIEZ, )
15 (27) RENE MONTES-MAYORGA, )
      a/k/a "Negro," )
16 (28) RODIL NOCHEZ, )
      a/k/a "Chino," )
17      a/k/a "Nieto," and )
    (29) DANIEL GONZALEZ, )
18      a/k/a "D," )
                                              )
19      Defendants. )
                                              )
20 _____)

21           THIRD SUPERSEDING INDICTMENT

22  The Grand Jury charges:

23  COUNT ONE:          (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

24  Introduction

25       1.     *La Mara Salvatrucha*, also known as the MS-13 gang (hereafter "MS-13"), is a

26  gang composed primarily of immigrants or descendants of immigrants from El Salvador, with

27  members operating in the State of California, including San Francisco, and throughout the United

28  States. The name "*Mara Salvatrucha*" is a combination of several slang terms. The word

                                -2-          THIRD SUPERSEDING INDICTMENT

1 "*Mara*" is the term used in El Salvador for "gang." The phrase "*Salvatrucha*" is a combination
2 of the words "*Salva*," which is an abbreviation for "Salvadoran," and "*trucha*," which is a slang
3 term for the warning "fear us," "look out," or "heads up."

4     2. In the United States, MS-13 originated in Los Angeles, California, where, among
5 other things, MS-13 members engaged in turf wars for the control of drug distribution locations.
6 MS-13 quickly spread to states across the country, including Virginia, Maryland, Tennessee, and
7 North Carolina, as well as other cities in California, including San Francisco, and elsewhere.

8     3. MS-13 is a national and international criminal organization with over 10,000
9 members regularly conducting gang activities in at least twenty states and the District of
10 Columbia, as well as in Mexico, Honduras, Guatemala, and El Salvador. MS-13 is one of the
11 largest street gangs in the United States. Gang members actively recruit members, including
12 juveniles, from communities with a large number of immigrants from El Salvador. Members,
13 however, can also have ethnic heritage from other Central American countries. In the United
14 States, MS-13 has been functioning since at least the 1980s.

15     4. At all times relevant to this Indictment, in order to join MS-13, members were
16 required to undergo an initiation process, often referred to as being "jumped in" or "beat in" to
17 the gang. During this initiation, members of MS-13 beat the new member, usually until a gang
18 member finishes counting to thirteen out loud, or — in the case of the 20th Street clique in San
19 Francisco described below — counts to twenty.

20     5. At all times relevant to this Indictment, some members of MS-13 signified their
21 membership by wearing tattoos reading "MARA SALVATRUCHA," "MS," "MS-13," or similar
22 words and symbols, often written in Gothic lettering. The gang colors of MS-13 are blue, black,
23 and white, and members often wear clothing of these colors bearing the number "13," or with
24 numbers that, when added together, total thirteen, such as "76." Also, MS-13 members from
25 time to time marked their territory or signified their presence through the use of graffiti with the
26 words "MS" or other identifying slogans. More recently, some MS-13 members have more
27 discreetly and less publicly signified their membership by hiding and avoiding such clothing and
28 tattoos in order to avoid detection by law enforcement. MS-13 members refer to one another by

1 their gang names or other nicknames and may not know fellow gang members except by these
2 gang names.

3     6.    At all times relevant to the Indictment, members of MS-13 were expected to
4 protect the name, reputation, and status of the gang from rival gang members and other persons.
5 MS-13 members required that all individuals show respect and deference to the gang and its
6 membership. To protect the gang and to enhance its reputation, MS-13 members were expected
7 to use any means necessary to force respect from those who show disrespect, including acts of
8 intimidation and violence. MS-13's creed is exemplified by one of its mottos, "*Mata, roba,*
9 *viola, controlla,*" which translates in sum and substance to, "Kill, steal, rape, control."

10     7.    At all times relevant to this Indictment, members of MS-13 engaged in criminal
11 activity, including murder, attempted murder, narcotics distribution, assault, robbery, extortion,
12 stealing vehicles, and obstructing justice by threatening and intimidating witnesses that they
13 believed to be cooperating with law enforcement. MS-13 members were required to commit acts
14 of violence to maintain membership and discipline within the gang, including violence against
15 rival gang members or those they perceived to be rival gang members, as well as MS-13
16 members and associates who violated the gang's rules. As a result of MS-13's frequent use of
17 violence, innocent persons were often injured or killed. Participation in criminal activity by an
18 MS-13 member, particularly violent acts directed at rival gang members or as ordered by the
19 gang leadership, increased the level of respect accorded that member, resulting in that member
20 maintaining or increasing his position in the gang, and possibly resulting in recognition as a
21 leader.

22     8.    At all times relevant to this Indictment, MS-13 was organized into "cliques," that
23 is, smaller groups operating in a specific city or region. MS-13 cliques sometimes worked
24 together cooperatively to engage in criminal activity and to assist one another in avoiding
25 detection by law enforcement. The cliques operated under the umbrella rules of MS-13. In the
26 San Francisco Bay Area, these cliques include "20th Street," which has as its geographic
27 epicenter the vicinity of 20th Street and Mission Street in San Francisco, and "*Pasadena Locos
28 Sureños,*" or "PLS," which is a clique that originated in the Los Angeles area and which has the

1  city of Richmond as its geographic epicenter in the San Francisco Bay Area. Members of MS-13
2  in the San Francisco Bay Area often identify themselves as "*Sureños*," a term that generally
3  encompasses gang members who were born outside the United States, who claim Southern
4  California as their base, and who acknowledge the primacy of the Mexican Mafia prison gang.
5  *Sureño*-affiliated gang members often refer to themselves as "Southsiders" and express their
6  allegiance to the "Southside." The principal, although not the only, rivals to MS-13 in the San
7  Francisco Bay Area are gang members who identify themselves as "*Norteños,*" a term that
8  generally encompasses gang members who were born in the United States, who claim Northern
9  California as their base, and who acknowledge the primacy of the *Nuestra Familia* prison gang.
10  *Norteño*-affiliated gang members often refer to themselves as "Northerners" and express their
11  allegiance to the "Northside." Whereas MS-13 and other *Sureño*-affiliated gangs claim blue as
12  their gang color, *Norteños* claim the color red. One of the principal rules of MS-13 is that its
13  members must "hunt" — that is, attack and kill — *Norteños* and other rivals whenever possible.

14  9. At all times relevant to this Indictment, MS-13 members attended gang meetings
15  on a regular basis. Leaders of MS-13 cliques from across California periodically met to discuss
16  gang rules and gang business, to resolve problems or issues involving the cliques, and to unite
17  gang members. In San Francisco, members met to discuss, plan, and report on, among other
18  things: gang organizational issues; illegal activity conducted on behalf of MS-13; acts of violence
19  committed by MS-13 members against rival gang members and others; law enforcement activity
20  against MS-13 members; and purging the gang of those suspected of cooperating with law
21  enforcement. Members from other areas sometimes attended San Francisco MS-13 meetings.

22  10. The leaders of individual MS-13 cliques are typically called "shot callers" or "*La
23  Palabra*," that is, "the Word." Above the "shot callers" are MS-13 leaders, often referred to as
24  the "big homies," some of whom are incarcerated in El Salvador, who convey their orders
25  through, among other means, the use of telephones that are brought into prisons. The leaders of
26  MS-13 resolve disputes between gang members, address organizational issues, and participate in
27  significant gang decisions, such as whether to authorized the killing of MS-13 gang members,
28  associates, and other individuals suspected of cooperating with law enforcement or otherwise

-5-                    THIRD SUPERSEDING INDICTMENT

1  breaking MS-13 rules.

2      11.    At all times relevant to this Indictment, MS-13 members paid dues that were
3  collected at gang meetings. MS-13 members collected dues for the benefit of, and to be provided
4  to, MS-13 gang members who were imprisoned in the United States, in El Salvador, and
5  elsewhere. MS-13 members in San Francisco transferred funds to MS-13 members incarcerated
6  in prison in El Salvador. MS-13 members also collected dues to buy firearms that they used to
7  attack rivals and to conduct the affairs of MS-13.

8      12.    At all times relevant to this Indictment, MS-13 members communicated about
9  gang activities with other MS-13 members in San Francisco and elsewhere using mobile
10  telephones, telephone text messages, notes or "kites," and other modes of communication.
11  Additionally, MS-13 members used transnational and international money wire transfers to
12  conduct and promote gang activities.

13  The Racketeering Enterprise

14      13.    MS-13, including its leadership, members and associates, in the Northern District
15  of California, El Salvador, and elsewhere, constituted an "enterprise" as defined in Title 18,
16  United States Code, Section 1961(4), that is, a group of individuals associated in fact. The
17  enterprise constituted an ongoing organization whose members functioned as a continuing unit
18  that had a common purpose of achieving the objectives of the enterprise. The enterprise was
19  engaged in, and its activities affected, interstate and foreign commerce.

20  Purposes of the Enterprise

21      14.    The purposes of the MS-13 enterprise included the following:

22          a.    Preserving and protecting the power, territory, reputation, and profits of
23  the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

24          b.    Promoting and enhancing the enterprise and the activities of its members
25  and associates, including, but not limited to, murder, attempted murder, narcotics trafficking,
26  theft of vehicles, robberies, extortion, and other criminal activities;

27          c.    Keeping victims, potential victims, and community members in fear of the
28  enterprise and its members and associates through violence and threats of violence;

-6-                        THIRD SUPERSEDING INDICTMENT

1    d.    Providing financial support and information to MS-13 members, including
2 those incarcerated in the United States and El Salvador; and

3    e.    Providing assistance to other MS-13 members who committed crimes for
4 and on behalf of the gang, to hinder, obstruct, and prevent law enforcement officers from
5 identifying the offenders, apprehending the offenders, and successfully prosecuting and
6 punishing the offenders.

7 The Defendants

8    15.    The defendant, IVAN CERNA, a/k/a "Tigre," is one of the more senior members
9 of MS-13 in the San Francisco Bay Area. CERNA has been a member of MS-13's 20th Street
10 clique since its inception. For a number of years, CERNA held the leadership of 20th Street.
11 While the leader of 20th Street, CERNA, among other things, led meetings and directed MS-13
12 members to do "*jale*" or "work," that is, to attack and kill actual and suspected *Norteños*, as well
13 as actual and suspected members of other gangs. CERNA also counseled MS-13 gang members
14 to distribute narcotics, to acquire, possess, and use firearms in furtherance of MS-13's activities,
15 and to identify and retaliate against individuals who were suspected of cooperating with law
16 enforcement. CERNA stepped down from his leadership position when some members of MS-
17 13 expressed dissatisfaction with his leadership of the gang, and CERNA assumed a lower
18 profile within the gang when he learned that he had attracted the attention of law enforcement
19 officers. Even so, CERNA remained in contact with members of the gang and continues to have
20 a prominent role in the conduct of MS-13.

21    16.    The defendants, MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a
22 "Syco," and ANGEL NOEL GUEVARA, a/k/a "Peloncito," are members of MS-13's 20th Street
23 clique who succeeded IVAN CERNA, a/k/a "Tigre," to the leadership of 20th Street. Among
24 other things, MARVIN CARCAMO and GUEVARA pushed the gang more aggressively to
25 "tax," that is, to extort money from, less powerful gangs, drug dealers, and other criminals, as
26 well as to attack and kill actual and suspected *Norteños*, as well as actual and suspected members
27 of other gangs. MARVIN CARCAMO and GUEVARA also directed MS-13 gang members to
28 distribute narcotics, to acquire, possess, and use firearms in furtherance of MS-13's activities,

-7-    THIRD SUPERSEDING INDICTMENT

1 and to identify and retaliate against individuals who were suspected of cooperating with law
2 enforcement. The day-to-day leadership provided by MARVIN CARCAMO and GUEVARA
3 diminished when they were each arrested and jailed in or about 2007, but both continue to be
4 engaged in the conduct of MS-13 even while incarcerated.

5      17.    The defendant, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," is a member
6 of MS-13's 20th Street clique who succeeded the defendants, MARVIN CARCAMO, a/k/a
7 "Cyco," a/k/a "Psycho," a/k/a "Syco," and ANGEL NOEL GUEVARA, a/k/a "Peloncito," as
8 leader of 20th Street. Among other things, FLORES continued to pursue the agenda set by
9 MARVIN CARCAMO and GUEVARA, directing MS-13 members to "tax" other gangs, drug
10 dealers, and other criminals, to attack and kill actual and suspected *Norteños*, as well as actual
11 and suspected members of other gangs, to distribute narcotics, to acquire, possess, and use
12 firearms in furtherance of MS-13's activities, and to identify and retaliate against individuals
13 who were suspected of cooperating with law enforcement. The day-to-day leadership provided
14 by FLORES diminished when he was arrested and jailed on or about October 22, 2008, but he
15 continues to be engaged in the conduct of MS-13 even while incarcerated.

16      18.    The defendants, DANILO VELASQUEZ a/k/a "Triste," and GIOVANNI
17 HERNANDEZ, a/k/a "Candil," are members of MS-13's 20th Street clique who succeeded the
18 defendant, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," as the leaders of 20th Street.
19 Among other things, VELASQUEZ and HERNANDEZ continued to pursue the agenda pursued
20 by FLORES, directing MS-13 members to "tax" other gangs, drug dealers, and other criminals,
21 to attack and kill actual and suspected *Norteños*, as well as actual and suspected members of
22 other gangs, to distribute narcotics, to acquire, possess, and use firearms in furtherance of MS-
23 13's activities, and to identify and retaliate against individuals who were suspected of
24 cooperating with law enforcement.

25      19.    The defendants, ERICK LOPEZ, a/k/a "Spooky," JONATHAN CRUZ-
26 RAMIREZ, a/k/a "Soldado," GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"
27 WALTER CHINCHILLA-LINAR, a/k/a "Demonio," CESAR ALVARADO, a/k/a "Momia,
28 LUIS HERRERA, a/k/a "Killer," WALTER CRUZ-ZAVALA, a/k/a "Sombra," DANIEL

1 PORTILLO, a/k/a "Rustin," a/k/a "Rooster," DOUGLAS LARGAESPADA, a/k/a "Droopy,"
2 ARISTIDES CARCAMO, a/k/a "Indio," RAFAEL MONTOYA, a/k/a "Sapo," WILBERT
3 CASTILLO, a/k/a "Cypress," JOSE QUINTEROS, a/k/a "Fantasma," MELVIN MALDONADO,
4 a/k/a "Estrano," a/k/a "Stranger," MANUEL FRANCO, a/k/a "Dreamer," RODRIGO MOLINA,
5 a/k/a "Lil Payaso," a/k/a "Payaso," MAURICIO URIAS, a/k/a "Puppet," are all members of MS-
6 13's 20th Street clique. The defendant, CARLOS GARRIDO, a/k/a "Tweety," is a member of
7 MS-13's PLS clique in Richmond. Among other things, as members of MS-13, LOPEZ, CRUZ-
8 RAMIREZ, GUILLERMO HERRERA, CHINCHILLA-LINAR, ALVARADO, LUIS
9 HERRERA, CRUZ-ZAVALA, PORTILLO, GARRIDO, LARGAESPADA, ARISTIDES
10 CARCAMO, MONTOYA, CASTILLO, QUINTEROS, MALDONADO, FRANCO, MOLINA,
11 and URIAS discussed and agreed to "tax" other gangs, drug dealers, and other criminals, to
12 attack and kill actual and suspected *Norteños*, as well as actual and suspected members of other
13 gangs, to distribute narcotics, to acquire, possess, and use firearms in furtherance of MS-13's
14 activities, and to identify and retaliate against individuals who were suspected of cooperating
15 with law enforcement.

16     20.     The defendants, who encompass both the membership and the leadership of MS-
17 13, acted individually, with each other, and also with non-member MS-13 associates in the
18 commission of racketeering activities and other criminal conduct.

19 The Racketeering Conspiracy

20     21.     Beginning on a date unknown to the Grand Jury but since at least the mid-1990s,
21 and continuing up through and including the present, in the Northern District of California and
22 elsewhere, the defendants

23                                 IVAN CERNA, a/k/a "Tigre,"

24           MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

25                   ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

26                 MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

27                     ERICK LOPEZ, a/k/a "Spooky,"

28             JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

| 1 | GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky," |

GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

CESAR ALVARADO, a/k/a "Momia,"

LUIS HERRERA, a/k/a "Killer,"

DANILO VELASQUEZ, a/k/a "Triste,"

GIOVANNI HERNANDEZ, a/k/a "Candil,"

WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

CARLOS GARRIDO, a/k/a "Tweety,"

DOUGLAS LARGAESPADA, a/k/a "Droopy,"

ARISTIDES CARCAMO, a/k/a "Indio,"

RAFAEL MONTOYA, a/k/a "Sapo,"

WILBERT CASTILLO, a/k/a "Cypress,"

JOSE QUINTEROS, a/k/a "Fantasma,"

MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger,"

MANUEL FRANCO, a/k/a "Dreamer,"

RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

MAURICIO URIAS, a/k/a "Puppet,"

together with others known and unknown, each being a person employed by and associated with MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of multiple acts involving offenses chargeable under the following provisions of California law:

        a.    Murder, attempted murder, conspiracy to commit murder, and solicitation of murder, in violation of California Penal Code §§ 187, 188, 189, 182,

    THIRD SUPERSEDING INDICTMENT

1                         21a, 664, and 653f;

2             b.     Robbery, attempted robbery, and conspiracy to commit robbery, in

3                   violation of California Penal Code §§ 211, 212.5, 213, 182, 21a, and 664;

4             c.     Extortion, attempted extortion, and conspiracy to commit extortion, in

5                   violation of California Penal Code §§ 518, 519, 520, 524, and 182;

6 and multiple acts involving the following provisions of federal narcotics law:

7             d.     21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to

8                   Distribute Controlled Substances);

9             e.     21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to

10                   Distribute Methamphetamine and Cocaine);

11             f.     21 U.S.C. § 843(b) (Use of Communication Facility to Facilitate

12                   Distribution of Controlled Substances);

13 and multiple acts indictable under the following provisions of federal law:

14             g.     18 U.S.C. § 1951 (Robbery and Extortion Affecting Interstate Commerce);

15             h.     18 U.S.C. § 1512 (Witness Retaliation and Tampering);

16             i.     18 U.S.C. § 1503 (Obstruction of Justice);

17             j.     18 U.S.C. § 2312 (Interstate Transportation of Stolen Vehicles).

18     22.     It was part of the conspiracy that each defendant agreed that a conspirator would

19 commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

20 Manner and Means of the Conspiracy

21     23.     It was part of the manner and means of the conspiracy that the defendants, as

22 members of MS-13, were required to have and did have regular meetings with other MS-13

23 members to discuss, among other things: the structure and organization of the gang; past criminal

24 acts committed against rival gang members and others; MS-13 members who were arrested or

25 incarcerated; the disciplining of MS-13 members; police interactions with MS-13 members; the

26 identities of individuals suspected of cooperating with law enforcement and the proposed actions

27 to be taken against them; plans and agreements regarding the commission of future crimes,

28 including murder, extortion, narcotics distribution, robbery, illegal possession of firearms, and

-11-                    THIRD SUPERSEDING INDICTMENT

1 assault, as well as ways to conceal these crimes; and the enforcement of gang rules.

2     24.   It was further part of the manner and means of the conspiracy that the defendants
3 and other members and associates of MS-13 agreed to purchase, possess, maintain, use, and
4 circulate a collection of firearms for use in criminal activity by MS-13 members and associates.
5 Many of these firearms were hidden in publicly accessible locations, such as in a park or in a
6 hedge on the street, so that the defendants and other members and associates of MS-13 could
7 have ready access to the firearms if and when they needed the weapons without running the risk
8 of having the firearms on them should they encounter law enforcement officers.

9     25.   It was further part of the manner and means of the conspiracy that the defendants
10 and other members and associates of MS-13 agreed that acts of violence, including murder,
11 attempted murder, and assault, would be committed by members and associates of MS-13 against
12 rival gang members and others when it suited the enterprise's purposes. MS-13 members also
13 used violence to impose discipline within the gang.

14     26.   It was further part of the manner and means of the conspiracy that the defendants
15 and other members and associates of MS-13 agreed to distribute narcotics, to use the telephone to
16 facilitate narcotics distribution, to commit robbery, extortion, and other crimes, and to conceal
17 their criminal activities by obstructing justice, threatening or intimidating witnesses, and other
18 means.

19 Overt Acts

20     27.   In furtherance of the conspiracy and to achieve the objectives thereof, at least one
21 conspirator performed or caused to be performed at least one of the following overt acts, among
22 others, in the Northern District of California and elsewhere:

23         (1)   On or about August 18, 1995, in San Francisco, California, IVAN
24 CERNA, a/k/a "Tigre," assaulted a person.

25         (2)   On or about July 19, 1996, in San Francisco, California, IVAN CERNA,
26 a/k/a "Tigre," shot a person in the vicinity of Bryant Street and 22nd Street.

27         (3)   On or about July 26, 1996, in San Francisco, California, ANGEL NOEL
28 GUEVARA, a/k/a "Peloncito," RAFAEL MONTOYA, a/k/a "Sapo," and others known and

-12-            THIRD SUPERSEDING INDICTMENT

1 unknown, fought with a group of people in the vicinity of 22nd Street and Mission Street.

2     (4)    On or about July 26, 1996, in San Francisco, California, ANGEL NOEL
3 GUEVARA, a/k/a "Peloncito," shot and wounded six people.

4     (5)    On or about May 12, 1997, in San Francisco, California, DOUGLAS
5 LARGAESPADA, a/k/a "Droopy," and others known and unknown, vandalized a Muni bus.

6     (6)    On or about January 6, 1998, in San Francisco, California, DOUGLAS
7 LARGAESPADA, a/k/a "Droopy," and others known and unknown, attacked a group of people
8 with baseball bats.

9     (7)    On or about January 1, 2003, in San Francisco, California, DOUGLAS
10 LARGAESPADA, a/k/a "Droopy," and MAURICIO URIAS, a/k/a "Puppet," met with other
11 MS-13 members at Mission Playground.

12     (8)    On or about January 24, 2003, in San Francisco, California, MARVIN
13 CARCAMO, a/k/a "Cyco," "Psycho," a/k/a "Syco," met with other MS-13 members at Mission
14 Playground.

15     (9)    On or about December 1, 2003, in San Francisco, California, MORIS
16 FLORES, a/k/a "Slow," a/k/a "Slow Pain," threatened to kill a putative rival gang member with a
17 knife in the vicinity of 22nd Street and Bryant Street.

18     (10)   On or about August 5, 2004, in San Francisco, California, MORIS
19 FLORES, a/k/a "Slow," a/k/a "Slow Pain," rode in a stolen car.

20     (11)   On or about July 1, 2005, in San Francisco, California, MARVIN
21 CARCAMO, a/k/a "Cyco," "Psycho," a/k/a "Syco," DOUGLAS LARGAESPADA, a/k/a
22 "Droopy," and MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger," assaulted several
23 people in the vicinity of 16th Street and Hoff Alley.

24     (12)   On or about July 23, 2005, in San Francisco, California, IVAN CERNA,
25 a/k/a "Tigre," MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ARISTIDES
26 CARCAMO, a/k/a "Indio," MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger,"
27 WILBERT CASTILLO, a/k/a "Cypress," RODRIGO MOLINA, a/k/a "Payaso," a/k/a "Lil
28 Payaso," and others known and unknown, attended an MS-13 meeting in Sutro Park and

-13-                                    THIRD SUPERSEDING INDICTMENT

1  discussed, among other things, the need to kill a San Francisco Police Officer (the "Officer").

2         (13)   On or about August 1, 2005, in San Francisco, California, IVAN CERNA,
3  a/k/a "Tigre,"and Marvin CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," met with
4  other MS-13 members at Tommy's Joynt restaurant and discussed, among other things, the need
5  to kill the Officer and the "taxing" of rival gangs in the Mission District.

6         (14)   On or about August 13, 2005, in San Francisco, California, IVAN
7  CERNA, a/k/a "Tigre," ANGEL NOEL GUEVARA, a/k/a "Peloncito," MARVIN CARCAMO,
8  a/k/a "Syco," a/k/a "Cyco," a/k/a "Psycho," MORIS FLORES, a/k/a "Slow," a/k/a "Slow-Pain,"
9  JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," DANILO VELASQUEZ, a/k/a "Triste,"
10 ARISTIDES CARCAMO, a/k/a "Indio," WILBERT CASTILLO, a/k/a "Cypress," JOSE
11 QUINTEROS, a/k/a "Fantasma," and MELVIN MALDONADO, a/k/a "Estrano," a/k/a
12 "Stranger," met with other MS-13 members at Mission Playground and discussed, among other
13 things, the MS-13 rule requiring the killing of those who cooperate with law enforcement.

14        (15)   On or about August 13, 2005, in San Francisco, California, JONATHAN
15 CRUZ-RAMIREZ, a/k/a "Soldado," was "jumped in" to MS-13.

16        (16)   On or about August 15, 2005, IVAN CERNA, a/k/a "Tigre," authorized
17 the sale of a firearm.

18        (17)   On or about August 22, 2005, in San Francisco, California, WILBERT
19 CASTILLO, a/k/a "Cypress," sold a firearm.

20        (18)   On or about August 27, 2005, in San Francisco, California, JONATHAN
21 CRUZ-RAMIREZ, a/k/a "Soldado," DOUGLAS LARGAESPADA, a/k/a "Droopy," RODRIGO
22 MOLINA, a/k/a "Payaso," a/k/a "Lil Payaso," and others known and unknown were at Mission
23 Playground.

24        (19)   On or about September 10, 2005, in San Francisco, California, IVAN
25 CERNA, a/k/a "Tigre," MARVIN CARCAMO a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
26 ANGEL NOEL GUEVARA, a/k/a "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow
27 Pain," DANILO VELASQUEZ, a/k/a "Triste," DOUGLAS LARGAESPADA, a/k/a "Droopy,"
28 WILBERT CASTILLO, a/k/a "Cypress," and JOSE QUINTEROS, a/k/a "Fantasma," met with

1  other MS-13 members in Sutro Park and discussed, among other things, the purchase of firearms
2  and the MS-13 rule that the only way out of the gang is death.

3          (20)    On or about September 18, 2005, in San Francisco, California, ANGEL
4  NOEL GUEVARA, a/k/a "Peloncito," WILBERT CASTILLO, a/k/a "Cypress," RODRIGO
5  MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and others known and unknown met at a Denny's
6  restaurant and discussed purchasing firearms for MS-13 members' use and the need to kill the
7  Officer.

8          (21)    On or about September 24, 2005, in San Francisco, California, IVAN
9  CERNA, a/k/a "Tigre," MARVIN CARCAMO, a/k/a "Syco," a/k/a "Cyco," a/k/a "Psycho,"
10  ANGEL NOEL GUEVARA, a/k/a "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow-
11  Pain," ERICK LOPEZ, a/k/a "Spooky," DANILO VELASQUEZ, a/k/a "Triste," ARISTIDES
12  CARCAMO, a/k/a "Indio," and MANUEL FRANCO, a/k/a "Dreamer," met with other MS-13
13  members at Mission Playground and discussed, among other things, the leadership of the 20th
14  Street Clique, attacking rival gang members, taking control over drug distribution occurring in
15  territory claimed by MS-13, and the killing of a rival gang member known as "Smokey."

16          (22)    On or about September 24, 2005, in San Francisco, California, MARVIN
17  CARCAMO, a/k/a "Syco," a/k/a "Cyco," a/k/a "Psycho," MORIS FLORES, a/k/a "Slow," a/k/a
18  "Slow-Pain," and MANUEL FRANCO, a/k/a "Dreamer," agreed to conduct surveillance on a
19  rival gang member known as "Smokey," whom MS-13 sought to kill.

20          (23)    On or about October 21, 2005, in San Francisco, California, MORIS
21  FLORES, a/k/a "Slow," a/k/a "Slow-Pain," DANILO VELASQUEZ, a/k/a "Triste," MELVIN
22  MALDONADO, a/k/a "Estrano," a/k/a "Stranger," MANUEL FRANCO, a/k/a "Dreamer," and
23  others known and unknown, gathered in the vicinity of 20th Street and San Carlos Street.

24          (24)    On or about October 27, 2005, in San Francisco, California, WILBERT
25  CASTILLO, a/k/a "Cypress," JOSE QUINTEROS, a/k/a "Fantasma," and MS-13 member
26  Walter Palma, a/k/a "Kapone," a/k/a "Capon," rode in a car together.

27          (25)    On or about October 27, 2005, in San Francisco, California, JOSE
28  QUINTEROS, a/k/a "Fantasma," possessed a dagger.

1         (26)   On or about October 29, 2005, in San Francisco, California, Walter Palma,

2 a/k/a "Kapone," a/k/a "Capon," shot and wounded three people.

3         (27)   On or about October 31, 2005, in San Francisco, California, MARVIN

4 CARCAMO, a/k/a "Cyco," "Psycho," a/k/a "Syco," waited in a car parked near Mission

5 Playground with a firearm.

6         (28)   On or about December 9, 2005, in South San Francisco, California,

7 DANIEL PORTILLO, a/k/a "Rustin," a/k/a Rooster," shot and wounded a person ("Victim-5").

8         (29)   On or about January 1, 2006, in San Francisco, California, MARVIN

9 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ANGEL NOEL GUEVARA, a/k/a

10 "Peloncito," DOUGLAS LARGAESPADA, a/k/a "Droopy," MAURICIO URIAS a/k/a

11 "Puppet," and others known and unknown, gathered at Corona Heights Park.

12         (30)   On or about January 8, 2006, in San Francisco, California, ERICK

13 LOPEZ, a/k/a "Spooky," CARLOS GARRIDO, a/k/a "Tweety," and others known and unknown,

14 surrounded two people who were then shot and wounded.

15         (31)   On or about February 4, 2006, in San Francisco, California, MELVIN

16 MALDONADO, a/k/a "Estrano," a/k/a "Stranger," assaulted a person with an automobile

17 steering wheel lock.

18         (32)   On or about February 25, 2006, in San Francisco, California, CARLOS

19 GARRIDO, a/k/a "Tweety," possessed a firearm.

20         (33)   On or about March 18, 2006, in San Francisco, California, ERICK

21 LOPEZ, a/k/a "Spooky," was "jumped in" to MS-13.

22         (34)   On or about March 30, 2006, MARVIN CARCAMO, a/k/a "Cyco," a/k/a

23 "Psycho," a/k/a "Syco," DOUGLAS LARGAESPADA, a/k/a "Droopy," and RAFAEL

24 MONTOYA, a/k/a "Sapo," rode in a vehicle together.

25         (35)   In or about early April 2006, IVAN CERNA, a/k/a "Tigre," approved the

26 purchase of a firearm.

27         (36)   On or about April 8, 2006, in San Francisco, California, WILBERT

28 CASTILLO, a/k/a "Cypress," MANUEL FRANCO, a/k/a "Dreamer," RODRIGO MOLINA,

1 a/k/a "Lil Payaso," a/k/a "Payaso," and others known and unknown, fought with a group of
2 individuals.

3     (37) On or about April 21, 2006, in San Francisco, California, IVAN CERNA,
4 a/k/a "Tigre," and others known and unknown, met with members of another gang and advised
5 them, among other things, that they and MS-13 needed to support each other.

6     (38) On or about April 21, 2006, in San Francisco, California, IVAN CERNA,
7 a/k/a "Tigre," ANGEL NOEL GUEVARA, a/k/a "Peloncito," GUILLERMO HERRERA, a/k/a
8 "Shorty," a/k/a "Sparky," DOUGLAS LARGAESPADA, a/k/a "Droopy," and others known and
9 unknown met and CERNA discussed a variety of MS-13 gang business with them, including the
10 necessity for the gang's members to arm themselves, the difficulty of "taxing" other gangs, and
11 his disillusionment with most of the gang's leaders in El Salvador.

12     (39) On or about May 24, 2006, in San Francisco, California, MAURICIO
13 URIAS, a/k/a "Puppet," and Judith Sosa, a/k/a "J-Dubbs," distributed a quantity of
14 methamphetamine that they received from John Lacsamana Briez.

15     (40) On or about June 8, 2006, MARVIN CARCAMO, a/k/a "Cyco," a/k/a
16 "Psycho," a/k/a "Syco," JOSE QUINTEROS, a/k/a "Fantasma," and others known and unknown,
17 traveled from the San Francisco Bay Area to Reno, Nevada, to meet with other MS-13 members,
18 including Rene Montes-Mayorga, a/k/a "Negro."

19     (41) On or about June 28, 2006, in San Francisco, California, MAURICIO
20 URIAS, a/k/a "Puppet," and Judith Sosa, a/k/a "J-Dubbs," distributed a quantity of
21 methamphetamine that they received from John Lacsamana Briez.

22     (42) On or about July 3, 2006, in San Francisco, California, ARISTIDES
23 CARCAMO, a/k/a "Indio," drove MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a
24 "Syco," and DOUGLAS LARGAESPADA, a/k/a "Droopy," to a particular location to rob a
25 person.

26     (43) On or about July 3, 2006, in San Francisco, California, MARVIN
27 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and DOUGLAS LARGAESPADA,
28 a/k/a "Droopy," beat and attempted to rob a person.

-17-           THIRD SUPERSEDING INDICTMENT

1    (53)    On or about January 23, 2007, in San Francisco, California, MAURICIO
2  URIAS, a/k/a "Puppet," and Judith Sosa, a/k/a "J-Dubbs," distributed a quantity of
3  methamphetamine that they received from John Lacsamana Briez.

4    (54)    On or about February 9, 2007, in San Francisco, California, MARVIN
5  CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ANGEL NOEL GUEVARA, a/k/a
6  "Peloncito," DANILO VELASQUEZ, a/k/a "Triste," WALTER CRUZ-ZAVALA, a/k/a
7  "Sombra," ARISTIDES CARCAMO, a/k/a "Indio," and RODRIGO MOLINA, a/k/a "Payaso,"
8  a/k/a "Lil Payaso," met with other MS-13 members at Mission Playground and discussed, among
9  other things, the "taxing" of drug dealers in the Tenderloin District.

10    (55)    On or about February 13, 2007, in San Francisco, California, MARVIN
11  CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ANGEL NOEL GUEVARA, a/k/a
12  "Peloncito," ARISTIDES CARCAMO, a/k/a "Indio," and others known and unknown, beat and
13  robbed a drug dealer who refused to pay "tax" to MS-13.

14    (56)    On or about February 16, 2007, in San Francisco, California, MARVIN
15  CARCAMO a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and ANGEL NOEL GUEVARA, a/k/a
16  "Peloncito," met with leaders of another gang to discuss, among other things, the "taxing" of
17  drug dealers in the Tenderloin District.

18    (57)    On or about April 14, 2007, WALTER CRUZ-ZAVALA, a/k/a "Sombra,"
19  was "jumped in" to MS-13.

20    (58)    On or about April 18, 2007, in San Francisco, California, RODRIGO
21  MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," sold cocaine base, in a form commonly known as
22  "crack," to a police officer operating in an undercover capacity.

23    (59)    On or about May 12, 2007, in Oakland, California, MARVIN CARCAMO
24  a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," possessed a firearm.

25    (60)    On or about June 13, 2007, in San Francisco, California, MS-13 member
26  Brian Doblado, a/k/a "Sniper," shot and wounded a person.

27    (61)    On or about June 27, 2007, GUILLERMO HERRERA, a/k/a "Shorty,"
28  a/k/a "Sparky," MS-13 member Yonis Gomez, a/k/a "Pistolita," and others known and unknown,

-19-    THIRD SUPERSEDING INDICTMENT

1 flashed gang signs at and assaulted a person.

2     (62) On or about July 13, 2007, in San Francisco, California, MAURICIO
3 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

4     (63) On or about August 17, 2007, in San Francisco, California, MAURICIO
5 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

6     (64) On or about August 22, 2007, in San Francisco, California, JONATHAN
7 CRUZ-RAMIREZ, a/k/a "Soldado," and CESAR ALVARADO, a/k/a "Momia," attacked two
8 people in the vicinity of 2400 Mission Street.

9     (65) On or about August 22, 2007, in San Francisco, California, IVAN
10 CERNA, a/k/a "Tigre," met with other MS-13 members and discussed, among other things, the
11 collection of gang dues from members, dissension within the gang, gang rules, and the
12 enforcement of discipline within the gang.

13     (66) On or about August 26, 2007, in San Francisco, California, IVAN
14 CERNA, a/k/a "Tigre," MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
15 ANGEL NOEL GUEVARA, a/k/a "Peloncito," and MORIS FLORES, a/k/a "Slow," a/k/a "Slow
16 Pain," met with other MS-13 members and discussed, among other things, problems among MS-
17 13 cliques in the Los Angeles, California area, consulting with leaders in El Salvador about gang
18 business, other gangs' resistance to paying MS-13's "tax," and obtaining money to purchase
19 firearms through the sale of narcotics.

20     (67) On or about September 4, 2007, in San Francisco, California, MARVIN
21 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ordered MS-13 members to go to the
22 Tenderloin District and forcibly collect "tax" from drug dealers.

23     (68) On or about September 4, 2007, in San Francisco, California, MARVIN
24 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," received "tax" money collected by
25 other MS-13 members.

26     (69) On or about September 4, 2007, in San Francisco, California, ANGEL
27 NOEL GUEVARA, a/k/a "Peloncito," received narcotics that other MS-13 members took from
28 drug dealers.

1 (70) On or about September 12, 2007, MARVIN CARCAMO a/k/a "Cyco,"
2 a/k/a "Psycho," a/k/a "Syco," CESAR ALVARADO, a/k/a "Momia," DANILO VELASQUEZ,
3 a/k/a "Triste," and others known and unknown, gathered in the vicinity of 20th Street and
4 Mission Street.

5 (71) On or about September 13, 2007, in San Francisco, California, following
6 an MS-13 gang meeting, MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
7 ANGEL NOEL GUEVARA, a/k/a "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow
8 Pain," and others known and unknown, went to the Tenderloin District to kill the leaders of a
9 rival gang.

10 (72) On or about September 14, 2007, in San Francisco, California,
11 MAURICIO URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

12 (73) On or about September 22, 2007, in San Francisco, California, RAFAEL
13 MONTOYA, a/k/a "Sapo," stabbed a person in the eye.

14 (74) On or about December 26, 2007, in San Francisco, California, ANGEL
15 NOEL GUEVARA, a/k/a "Peloncito," and a juvenile accomplice slashed and wounded a person
16 with a knife ("Victim-6").

17 (75) On or about December 26, 2007, in San Francisco, California, ANGEL
18 NOEL GUEVARA, a/k/a "Peloncito," and a juvenile accomplice stabbed and wounded two
19 people with knives ("Victim-7" and "Victim-8").

20 (76) In or about January 2008, in San Francisco, California, ARISTIDES
21 CARCAMO, a/k/a "Indio," told other MS-13 members that they had to kill a person named
22 "Patas," who was a member of a rival gang that MS-13 sought to "tax.".

23 (77) On or about January 22, 2008, in San Francisco, California, MAURICIO
24 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

25 (78) On or about January 28, 2008, in San Francisco, California, MORIS
26 FLORES, a/k/a "Slow," a/k/a "Slow Pain," JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"
27 WALTER CRUZ-ZAVALA, a/k/a "Sombra," RAFAEL MONTOYA, a/k/a "Sapo," and others
28 known and unknown attended an MS-13 gang meeting and discussed, among other things, the

-21-                    THIRD SUPERSEDING INDICTMENT

1    failure of a rival gang to pay MS-13's "tax" and the need to kill "Patas."

2         (79)    On or about February 8, 2008, in San Francisco, California, MORIS
3 FLORES, a/k/a "Slow," a/k/a "Slow Pain," led an MS-13 gang meeting at Mission Playground
4 attended by others known and unknown and discussed, among other things, discussed the killing
5 of Patas.

6         (80)    On or about March 1, 2008, in San Francisco, California, CESAR
7 ALVARADO, a/k/a "Momia," and GIOVANNI HERNANDEZ, a/k/a "Candil," threw objects at
8 passing motorists in the vicinity of 20th Street and Lexington Street.

9         (81)    On or about March 29, 2008, in San Francisco, California, ERICK
10 LOPEZ, a/k/a "Spooky," shot and killed Ernad Joldic and Phillip Ng.

11         (82)    On or about March 29, 2008, in San Francisco, California, WALTER
12 CHINCHILLA-LINAR, a/k/a "Demonio," shot at several people.

13         (83)    On or about March 30, 2008, in San Francisco, California, ERICK
14 LOPEZ, a/k/a "Spooky," possessed a firearm.

15         (84)    On or about March 30, 2008, in San Francisco, California, ERICK
16 LOPEZ, a/k/a "Spooky," fled from the police.

17         (85)    On or about March 31, 2008, in San Francisco, California, ERICK
18 LOPEZ, a/k/a "Spooky," called his mother from jail and directed her to destroy a glove he had
19 left in their home.

20         (86)    On or about May 17, 2008, in San Francisco, California, MORIS
21 FLORES, a/k/a "Slow," a/k/a "Slow Pain," GUILLERMO HERRERA, a/k/a "Shorty," a/k/a
22 "Sparky," WALTER CHINCHILLA-LINAR, a/k/a "Demonio," and others known and unknown,
23 flashed gang signs at passing motorists in the vicinity of 20th Street and Mission Street.

24         (87)    On or about May 17, 2008, in San Francisco, California, MORIS
25 FLORES, a/k/a "Slow," a/k/a "Slow Pain," WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"
26 and GIOVANNI HERNANDEZ, a/k/a "Candil," and others known and unknown, surrounded a
27 vehicle, shouted and threw gang signs at its occupants, and pointed a gun at its occupants in the
28 vicinity of 20th Street and Mission Street.

1         (88)   On or about May 29, 2008, GIOVANNI HERNANDEZ, a/k/a "Candil,"

2 received MS-13 tattoos.

3         (89)   On or about May 31, 2008, in San Francisco, California, JONATHAN

4 CRUZ-RAMIREZ, a/k/a "Soldado," shot and killed Juan Rodriguez, a/k/a "Patas."

5         (90)   On or about June 2, 2008, in San Francisco, California, MORIS FLORES,

6 a/k/a "Slow," a/k/a "Slow Pain," ordered several MS-13 gang members to collect "tax" from

7 drug dealers in the Tenderloin District.

8         (91)   On or about June 2, 2008, in San Francisco, California, GUILLERMO

9 HERRERA, a/k/a "Shorty," a/k/a "Sparky," JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

10 WALTER CHINCHILLA-LINAR, a/k/a "Demonio," WALTER CRUZ-ZAVALA, a/k/a

11 "Sombra," and others known and unknown, traveled to the Tenderloin District to collect money

12 forcibly from drug dealers.

13         (92)   On or about June 2, 2008, in San Francisco, California, WALTER CRUZ-

14 ZAVALA, a/k/a "Sombra," brandished a knife at a drug dealer.

15         (93)   On or about June 9, 2008, in San Francisco, California, GUILLERMO

16 HERRERA, a/k/a "Shorty," a/k/a "Sparky," WALTER CRUZ-ZAVALA, a/k/a "Sombra," and

17 others known and unknown, forcibly collected money from drug dealers in the Tenderloin

18 District.

19         (94)   On or about June 12, 2008, in San Francisco, California, GUILLERMO

20 HERRERA, a/k/a/ "Shorty," a/k/a "Sparky," CESAR ALVARADO, a/k/a "Momia," WALTER

21 CRUZ-ZAVALA, a/k/a "Sombra," GIOVANNI HERNANDEZ, a/k/a "Candil," and MS-13

22 member Marlon Rivera, a/k/a "Duende," gathered at Mission Playground.

23         (95)   On or about June 19, 2008, in San Francisco, California, DOUGLAS

24 LARGAESPADA, a/k/a "Droopy," and MS-13 members Abraham Martinez, a/k/a "Goofy," and

25 Jose Alvarado, a/k/a "Joker," charged a car together and Martinez stabbed and wounded one of

26 the car's passengers ("Victim-10").

27         (96)   On or about July 11, 2008, JONATHAN CRUZ-RAMIREZ, a/k/a

28 "Soldado," drove GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky," to the vicinity of

-23-            THIRD SUPERSEDING INDICTMENT

1  20th Street and Mission Street in San Francisco, California, to attack Armando Estrada.

2  (97) On or about July 11, 2008, in San Francisco, California, GUILLERMO

3  HERRERA, a/k/a "Shorty," a/k/a "Sparky," shot and killed Armando Estrada.

4  (98) On or about July 25, 2008, in San Francisco, California, JONATHAN

5  CRUZ-RAMIREZ, a/k/a "Soldado," possessed a firearm.

6  (99) On or about July 31, 2008, WALTER CHINCHILLA-LINAR, a/k/a

7  "Demonio," CESAR ALVARADO, a/k/a "Momia," and MS-13 members Marlon Rivera, a/k/a

8  "Duende," Rony Aguilera, a/k/a "Guerrillero," and others known and unknown, confronted Ivan

9  Miranda and others and Rivera and Aguilera stabbed and killed Miranda.

10  (100) In or about the first half of August 2008, an unindicted co-conspirator who

11  is an MS-13 gang leader in El Salvador called a potential witness (the "Witness") in the San

12  Francisco Bay Area.

13  (101) On or about August 18, 2008, in the San Francisco Bay Area, California,

14  MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," WALTER CHINCHILLA-LINAR, a/k/a

15  "Demonio," and others known and unknown, drove by the home of a relative of the Witness.

16  (102) On or about August 23, 2008, in San Francisco, California, MORIS

17  FLORES, a/k/a "Slow," a/k/a "Slow-Pain," WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

18  DANILO VELASQUEZ, a/k/a "Triste," and Marlon Rivera, a/k/a "Duende," rode in a vehicle

19  together.

20  (103) On or about August 23, 2008, in San Francisco, California, MORIS

21  FLORES, a/k/a "Slow," a/k/a "Slow Pain," possessed a switchblade.

22  (104) On or about August 23, 2008, in San Francisco, California, DANILO

23  VELASQUEZ, a/k/a "Triste," possessed a knife.

24  (105) On or about August 25, 2008, in San Francisco, California, MORIS

25  FLORES, a/k/a "Slow," a/k/a "Slow Pain," and others known and unknown were in a car

26  following the Witness as the Witness rode on a bus.

27  (106) On or about August 25, 2008, in San Francisco, California, CESAR

28  ALVARADO, a/k/a "Momia," discussed the "taxing" of drug dealers in the Tenderloin District

-24-                          THIRD SUPERSEDING INDICTMENT

1  with other MS-13 gang members.

2  (107) On or about August 28, 2008, in San Francisco, California, CESAR
3  ALVARADO, a/k/a "Momia, carried a knife concealed in his waistband in the vicinity of 20th
4  Street and Valencia Street.

5  (108) On or about August 28, 2008, in the San Francisco Bay Area, MORIS
6  FLORES, a/k/a "Slow," a/k/a "Slow Pain," sat in a car outside the Witness's home and sent a
7  text message to the Witness requesting that the Witness come out.

8  (109) On or about October 12, 2008, in San Francisco, California, ARISTIDES
9  CARCAMO, a/k/a "Indio," and RAFAEL MONTOYA, a/k/a "Sapo," conducted surveillance on
10  a merchant at the Alemany Flea Market whom they planned to rob.

11  (110) On or about October 19, 2008, in San Francisco, California, ARISTIDES
12  CARCAMO, a/k/a "Indio," and RAFAEL MONTOYA, a/k/a "Sapo," drove by the Alemany Flea
13  Market.

14  (111) On or about February 19, 2009, LUIS HERRERA, a/k/a "Killer," drove
15  DANILO VELASQUEZ, a/k/a "Triste," and MS-13 member Jaime Balam, a/k/a "Tweety," to the
16  vicinity of the Daly City BART Station in order to "hunt" for suspected *Norteños*.

17  (112) On or about February 19, 2009, in Daly City, California, DANILO
18  VELASQUEZ, a/k/a "Triste," and Jaime Balam, a/k/a "Tweety," discharged firearms into a car,
19  killing Moises Frias and wounding Victim-12, Victim-13, and Victim-14.

20  (113) On or about February 19, 2009, in Daly City, California, LUIS
21  HERRERA, a/k/a "Killer," drove DANILO VELASQUEZ, a/k/a "Triste," and Jaime Balam,
22  a/k/a "Tweety," away from the vicinity of the Daly City BART Station.

23  (114) On or about February 27, 2009, in Oakland, California, ANGEL NOEL
24  GUEVARA, a/k/a "Peloncito," possessed a contraband razor in his jail cell.

25  (115) On or about February 27, 2009, in Oakland, California, ANGEL NOEL
26  GUEVARA, a/k/a "Peloncito," flashed gang signs at an Alameda County Sheriff's Deputy who
27  seized contraband from GUEVARA's jail cell.

28  (116) On or about February 27, 2009, in Oakland, California, ANGEL NOEL

1 GUEVARA, a/k/a "Peloncito," threatened an Alameda County Sheriff's Deputy who seized
2 contraband from GUEVARA's jail cell.

3        (117)  On or about March 4, 2009, in San Francisco, California, LUIS
4 HERRERA, a/k/a "Killer," drove a stolen vehicle.

5        (118)  On or about March 4, 2009, in San Francisco, California, LUIS
6 HERRERA, a/k/a "Killer," and others known and unknown, possessed a firearm.

7        (119)  On or about July 1, 2009, in San Francisco, California, GIOVANNI
8 HERNANDEZ, a/k/a "Candil," possessed a firearm.

9        (120)  On or about July 8, 2009, in San Francisco, California, DANILO
10 VELASQUEZ, a/k/a "Triste," possessed a firearm.

11        All in violation of Title 18, United States Code, Section 1962(d).

12 COUNT TWO:              (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid
13                         of Racketeering)

14        28.    Paragraphs 1 through 20 and 23 through 27 of this Indictment are realleged and
15 incorporated by reference as though fully set forth herein.

16        29.    At all times relevant to this Indictment, MS-13 constituted an enterprise as
17 defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals
18 associated in fact that was engaged in, and the activities of which affected, interstate and foreign
19 commerce. The enterprise constituted an ongoing organization whose members functioned as a
20 continuing unit for a common purpose of achieving the objectives of the enterprise.

21        30.    At all times relevant to this Indictment, MS-13, the above-described enterprise,
22 through its members and associates, engaged in racketeering activity, as defined in Title 18,
23 United States Code, Sections 1959(b)(1) and 1961(1), namely: murder, attempted murder,
24 conspiracy to commit murder, and solicitation of murder, in violation of California Penal Code,
25 Sections 187, 188, 189, 182, 21a, 664, and 653f; robbery, attempted robbery, and conspiracy to
26 commit robbery, in violation of California Penal Code, Sections 211, 212.5, 213, 182, 21a, and
27 664; extortion, attempted extortion, and conspiracy to commit extortion, in violation of
28 California Penal Code, Sections 518, 519, 520, 524, and 182; conspiracy to distribute and to

1 possess with intent to distribute controlled substances, in violation of Title 21, United States
2 Code, Section 846; distribution and possession with intent to distribute methamphetamine and
3 cocaine, in violation of Title 21, United States Code, Section 841(a)(1); robbery and extortion
4 affecting interstate commerce, attempted robbery and attempted extortion affecting interstate
5 commerce, and conspiracy to commit robbery and conspiracy to commit extortion affecting
6 interstate commerce, in violation of Title 18, United States Code, Section 1951; witness
7 retaliation and witness tampering, in violation of Title 18, United States Code, Section 1512;
8 obstruction of justice, in violation of Title 18, United States Code, Section 1503; and interstate
9 transportation of stolen vehicles, in violation of Title 18, United States Code, Section 2312.

10    31.    Beginning on a date unknown to the Grand Jury but since at least the mid-1990s,
11 and continuing up through and including the present, in the Northern District of California and
12 elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement
13 to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
14 maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
15 defendants

16                                      IVAN CERNA, a/k/a "Tigre,"

17         MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

18                          ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

19                      MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

20                                 ERICK LOPEZ, a/k/a "Spooky,"

21                    JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

22           GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

23            WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

24                           CESAR ALVARADO, a/k/a "Momia,"

25                             LUIS HERRERA, a/k/a "Killer,"

26                       DANILO VELASQUEZ, a/k/a "Triste,"

27              GIOVANNI HERNANDEZ, a/k/a "Candil,"

28                  WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

-27-                                    THIRD SUPERSEDING INDICTMENT

1    DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

2    CARLOS GARRIDO, a/k/a "Tweety,"

3    DOUGLAS LARGAESPADA, a/k/a "Droopy,"

4    ARISTIDES CARCAMO, a/k/a "Indio,"

5    RAFAEL MONTOYA, a/k/a "Sapo,"

6    WILBERT CASTILLO, a/k/a "Cypress,"

7    JOSE QUINTEROS, a/k/a "Fantasma,"

8    MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger,"

9    MANUEL FRANCO, a/k/a "Dreamer,"

10   RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

11   MAURICIO URIAS, a/k/a "Puppet,"

12   together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

13   conspire, confederate, and agree together and with each other to commit murder, in violation of

14   California Penal Code Sections 187, 188, and 189, to wit, the defendants agreed together and

15   with each other to kill actual and suspected *Norteños*, actual and suspected members of other

16   gangs, and individuals suspected of cooperating with law enforcement, in order to maintain and

17   increase their standing within the racketeering enterprise known as MS-13.

18   All in violation of Title 18, United States Code, Section 1959(a)(5).

19   COUNT THREE:        (18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a

20   Dangerous Weapon in Aid of Racketeering)

21   32.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are

22   realleged and incorporated by reference as though fully set forth herein.

23   33.    Beginning on a date unknown to the Grand Jury but since at least the mid-1990s,

24   and continuing up through and including the present, in the Northern District of California and

25   elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement

26   to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

27   maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

28   defendants

-28-                          THIRD SUPERSEDING INDICTMENT

| 1 | IVAN CERNA, a/k/a "Tigre," |
| 2 | MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," |
| 3 | ANGEL NOEL GUEVARA, a/k/a "Peloncito," |
| 4 | MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," |
| 5 | ERICK LOPEZ, a/k/a "Spooky," |
| 6 | JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," |
| 7 | GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky," |
| 8 | WALTER CHINCHILLA-LINAR, a/k/a "Demonio," |
| 9 | CESAR ALVARADO, a/k/a "Momia," |
| 10 | LUIS HERRERA, a/k/a "Killer," |
| 11 | DANILO VELASQUEZ, a/k/a "Triste," |
| 12 | GIOVANNI HERNANDEZ, a/k/a "Candil," |
| 13 | WALTER CRUZ-ZAVALA, a/k/a "Sombra," |
| 14 | DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster," |
| 15 | CARLOS GARRIDO, a/k/a "Tweety," |
| 16 | DOUGLAS LARGAESPADA, a/k/a "Droopy," |
| 17 | ARISTIDES CARCAMO, a/k/a "Indio," |
| 18 | RAFAEL MONTOYA, a/k/a "Sapo," |
| 19 | WILBERT CASTILLO, a/k/a "Cypress," |
| 20 | JOSE QUINTEROS, a/k/a "Fantasma," |
| 21 | MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger," |
| 22 | MANUEL FRANCO, a/k/a "Dreamer," |
| 23 | RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and |
| 24 | MAURICIO URIAS, a/k/a "Puppet," |

25 together with others known and unknown, unlawfully, knowingly, and intentionally did combine,
26 conspire, confederate, and agree together and with each other to commit assault with a dangerous
27 weapon, in violation of California Penal Code Section 245(a)(1), to wit, the defendants agreed
28 together and with each other to attack with firearms, knives, and other dangerous weapons actual

1  and suspected *Norteños*, actual and suspected members of other gangs, and individuals suspected
2  of cooperating with law enforcement, in order to maintain and increase their standing within the
3  racketeering enterprise known as MS-13.

4      All in violation of Title 18, United States Code, Section 1959(a)(6).

5  COUNT FOUR:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in
6      Furtherance of Crime of Violence)

7      34.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are
8  realleged and incorporated by reference as though fully set forth herein.

9      35.    Beginning on a date unknown to the Grand Jury but since at least the mid-1990s,
10  and continuing up through and including the present, in the Northern District of California and
11  elsewhere, the defendants

12      IVAN CERNA, a/k/a "Tigre,"
13      MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
14      ANGEL NOEL GUEVARA, a/k/a "Peloncito,"
15      MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"
16      WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"
17      CESAR ALVARADO, a/k/a "Momia,"
18      DANILO VELASQUEZ, a/k/a "Triste,"
19      GIOVANNI HERNANDEZ, a/k/a "Candil,"
20      WALTER CRUZ-ZAVALA, a/k/a "Sombra,"
21      CARLOS GARRIDO, a/k/a "Tweety,"
22      DOUGLAS LARGAESPADA, a/k/a "Droopy,"
23      ARISTIDES CARCAMO, a/k/a "Indio,"
24      RAFAEL MONTOYA, a/k/a "Sapo,"
25      WILBERT CASTILLO, a/k/a "Cypress,"
26      JOSE QUINTEROS, a/k/a "Fantasma,"
27      MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger,"
28      MANUEL FRANCO, a/k/a "Dreamer,"

1  RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and
2  MAURICIO URIAS, a/k/a "Puppet,"

3  together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
4  a firearm during and in relation to a crime of violence for which they may be prosecuted in a
5  court of the United States, namely, the MS-13 racketeering conspiracy charged in Count One of
6  this Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of
7  this Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of
8  racketeering charged in Count Three of this Indictment, and did possess a firearm in furtherance
9  of the offenses charged in Count One, Count Two, and Count Three of this Indictment, and did
10  brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count
11  Three of this Indictment, and did discharge a firearm in furtherance of the offenses charged in
12  Count One, Count Two, and Count Three of this Indictment, to wit, the defendants possessed,
13  used, and had available for their use a variety of firearms to further the goals and activities of
14  MS-13.

15  All in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

16  COUNT FIVE:        (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering
17                     of Ernad Joldic)

18  36.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are
19  realleged and incorporated by reference as though fully set forth herein.

20  37.    On or about March 29, 2008, in the Northern District of California, as
21  consideration for the receipt of, and as consideration for a promise and agreement to pay,
22  anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
23  maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
24  defendant

25  ERICK LOPEZ, a/k/a "Spooky,"

26  together with others known and unknown, unlawfully, knowingly, and intentionally did
27  deliberately and with premeditation murder Ernad Joldic, in violation of California Penal Code
28  Sections 187, 188, and 189.

-31-                    THIRD SUPERSEDING INDICTMENT

1  All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

2  COUNT SIX:                 (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering

3                              of Phillip Ng)

4      38.     Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are

5  realleged and incorporated by reference as though fully set forth herein.

6      39.     On or about March 29, 2008, in the Northern District of California, as

7  consideration for the receipt of, and as consideration for a promise and agreement to pay,

8  anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

9  maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

10  defendant

11                              ERICK LOPEZ, a/k/a "Spooky,"

12  together with others known and unknown, unlawfully, knowingly, and intentionally did

13  deliberately and with premeditation murder Phillip Ng, in violation of California Penal Code

14  Sections 187, 188, and 189.

15      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

16  COUNT SEVEN:               (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in

17                              Furtherance of Crime of Violence Resulting in Murder)

18      40.     On or about March 29, 2008, in the Northern District of California, the

19  defendant

20                              ERICK LOPEZ, a/k/a "Spooky,"

21  unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he

22  may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of

23  Ernad Joldic charged in Count Five of this Indictment and the murder in aid of racketeering of

24  Phillip Ng charged in Count Six of this Indictment, did use and carry a firearm, and in

25  furtherance of such crime, did possess a firearm, and in the course of that crime did cause the

26  death of a person through the use of a firearm, which killing is murder as defined in Title 18,

27  United States Code, Section 1111(a).

28      All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

1   COUNT EIGHT:          (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in
2                        Furtherance of Crime of Violence)

3       41.     On or about March 29, 2008, in the Northern District of California, the defendant
4                        ERICK LOPEZ, a/k/a "Spooky,"

5   together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
6   a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
7   of the United States, namely, the murder in aid of racketeering of Ernad Joldic charged in Count
8   Five of this Indictment and the murder in aid of racketeering of Phillip Ng charged in Count Six
9   of this Indictment, and did possess a firearm in furtherance of the offenses charged in Count Five
10  and Count Six of this Indictment, and did brandish a firearm in furtherance of the offenses
11  charged in Count Five and Count Six of this Indictment, and did discharge a firearm in
12  furtherance of the offenses charged in Count Five and Count Six of this Indictment.

13      All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

14  COUNT NINE:           (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in
15                        Furtherance of Crime of Violence)

16      42.     On or about March 30, 2008, in the Northern District of California, the defendant
17                        ERICK LOPEZ, a/k/a "Spooky,"

18  together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
19  a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
20  of the United States, namely, the MS-13 racketeering conspiracy charged in Count One of this
21  Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of this
22  Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of racketeering
23  charged in Count Three of this Indictment, and did possess a firearm in furtherance of the
24  offenses charged in Count One, Count Two, and Count Three of this Indictment, and did
25  brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count
26  Three of this Indictment, and did discharge a firearm in furtherance of the offenses charged in
27  Count One, Count Two, and Count Three of this Indictment.

28      All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

1 | COUNT TEN: (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering
2 | of Juan Rodriguez)

3 | 43. Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are
4 | realleged and incorporated by reference as though fully set forth herein.

5 | 44. On or about May 31, 2008, in the Northern District of California, as consideration
6 | for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary
7 | value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing
8 | position in MS-13, an enterprise engaged in racketeering activity, the defendant

9 | JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

10 | together with others known and unknown, unlawfully, knowingly, and intentionally did
11 | deliberately and with premeditation murder Juan Rodriguez, a/k/a "Patas," in violation of
12 | California Penal Code Sections 187, 188, and 189.

13 | All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

14 | COUNT ELEVEN: (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in
15 | Furtherance of Crime of Violence Resulting in Murder)

16 | 45. On or about May 31, 2008, in the Northern District of California, the
17 | defendant

18 | JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

19 | unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he
20 | may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of
21 | Juan Rodriguez charged in Count Ten of this Indictment, did use and carry a firearm, and in
22 | furtherance of such crime, did possess a firearm, and in the course of that crime did cause the
23 | death of a person through the use of a firearm, which killing is murder as defined in Title 18,
24 | United States Code, Section 1111(a).

25 | All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.
26 | //
27 | //
28 | //

-34- THIRD SUPERSEDING INDICTMENT

1  COUNT TWELVE:        (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in
2                      Furtherance of Crime of Violence)

3      46.    On or about May 31, 2008, in the Northern District of California, the defendant
4                      JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

5  together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
6  a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
7  of the United States, namely, the murder in aid of racketeering of Juan Rodriguez charged in
8  Count Ten of this Indictment, and did possess a firearm in furtherance of the offense charged in
9  Count Ten of this Indictment, and did brandish a firearm in furtherance of the offense charged in
10  Count Ten of this Indictment, and did discharge a firearm in furtherance of the offense charged in
11  Count Ten of this Indictment.

12      All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

13  COUNT THIRTEEN:        (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering
14                      of Armando Estrada)

15      47.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are
16  realleged and incorporated by reference as though fully set forth herein.

17      48.    On or about July 11, 2008, in the Northern District of California, as consideration
18  for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary
19  value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing
20  position in MS-13, an enterprise engaged in racketeering activity, the defendants

21                      JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," and

22                      GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

23  together with others known and unknown, unlawfully, knowingly, and intentionally did
24  deliberately and with premeditation murder Armando Estrada, in violation of California Penal
25  Code Sections 187, 188, and 189.

26      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

27  //

28  //

-35-                          THIRD SUPERSEDING INDICTMENT

1  COUNT FOURTEEN:          (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in

2                          Furtherance of Crime of Violence Resulting in Murder)

3      49.    On or about July 11, 2008, in the Northern District of California, the

4  defendant

5                  JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," and

6                  GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

7  unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they

8  may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of

9  Armando Estrada charged in Count Thirteen of this Indictment, did use and carry a firearm, and

10 in furtherance of such crime, did possess a firearm, and in the course of that crime did cause the

11 death of a person through the use of a firearm, which killing is murder as defined in Title 18,

12 United States Code, Section 1111(a).

13     All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

14 COUNT FIFTEEN:          (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in

15                         Furtherance of Crime of Violence)

16     50.    On or about July 11, 2008, in the Northern District of California, the defendants

17              JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," and

18              GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

19 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

20 a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

21 of the United States, namely, the murder in aid of racketeering of Armando Estrado charged in

22 Count Thirteen of this Indictment, and did possess a firearm in furtherance of the offense charged

23 in Count Thirteen of this Indictment, and did brandish a firearm in furtherance of the offense

24 charged in Count Thirteen of this Indictment, and did discharge a firearm in furtherance of the

25 offense charged in Count Thirteen of this Indictment.

26     All in violation of Title 18, United States Code, Section 924(c)(1)(A).

27 //

28 //

-36-                                    THIRD SUPERSEDING INDICTMENT

1 COUNT SIXTEEN: (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

2 Furtherance of Crime of Violence)

3       51.     On or about July 25, 2008, in the Northern District of California, the defendant

4                       JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

5 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

6 a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

7 of the United States, namely, the MS-13 racketeering conspiracy charged in Count One of this

8 Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of this

9 Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of racketeering

10 charged in Count Three of this Indictment, and did possess a firearm in furtherance of the

11 offenses charged in Count One, Count Two, and Count Three of this Indictment, and did

12 brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count

13 Three of this Indictment, and did discharge a firearm in furtherance of the offenses charged in

14 Count One, Count Two, and Count Three of this Indictment.

15       All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

16 COUNT SEVENTEEN: (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering

17 of Ivan Miranda)

18       52.     Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are

19 realleged and incorporated by reference as though fully set forth herein.

20       53.     On or about July 31, 2008, in the Northern District of California, as consideration

21 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary

22 value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing

23 position in MS-13, an enterprise engaged in racketeering activity, the defendants

24                 WALTER CHINCHILLA-LINAR, a/k/a "Demonio," and

25                    CESAR ALVARADO, a/k/a "Momia,"

26 together with others known and unknown, unlawfully, knowingly, and intentionally did

27 deliberately and with premeditation murder Ivan Miranda, in violation of California Penal Code

28 Sections 187, 188, and 189.

1       All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

2   COUNT EIGHTEEN:     (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering

3                          of Moises Frias)

4       54.     Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are

5   realleged and incorporated by reference as though fully set forth herein.

6       55.     On or about February 19, 2009, in the Northern District of California, as

7   consideration for the receipt of, and as consideration for a promise and agreement to pay,

8   anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

9   maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

10   defendant

11                          LUIS HERRERA, a/k/a "Killer,"

12   together with others known and unknown, unlawfully, knowingly, and intentionally did

13   deliberately and with premeditation murder Moises Frias, in violation of California Penal Code

14   Sections 187, 188, and 189.

15       All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

16   COUNT NINETEEN:     (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in

17                          Furtherance of Crime of Violence Resulting in Murder)

18       56.     On or about February 19, 2009, in the Northern District of California, the

19   defendant

20                          LUIS HERRERA, a/k/a "Killer,"

21   together with others known and unknown, unlawfully, willfully, and knowingly, during and in

22   relation to a crime of violence for which he may be prosecuted in a court of the United States,

23   namely, the murder in aid of racketeering of Moises Frias charged in Count Eighteen of this

24   Indictment, did use and carry a firearm, and in furtherance of such crime, did possess a firearm,

25   and in the course of that crime did cause the death of a person through the use of a firearm, which

26   killing is murder as defined in Title 18, United States Code, Section 1111(a).

27       All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

28   //

-38-             THIRD SUPERSEDING INDICTMENT

1 COUNT TWENTY:        (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of
2                                       Racketeering of Victim-12)

3       57.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are
4 realleged and incorporated by reference as though fully set forth herein.

5       58.    On or about February 19, 2009, in the Northern District of California, as
6 consideration for the receipt of, and as consideration for a promise and agreement to pay,
7 anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
8 maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
9 defendant

10                                   LUIS HERRERA, a/k/a "Killer,"

11 together with others known and unknown, unlawfully, knowingly, and intentionally did attempt
12 to murder Victim-12, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

13       All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

14 COUNT TWENTY-ONE:     (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of
15                                       Racketeering of Victim-13)

16       59.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are
17 realleged and incorporated by reference as though fully set forth herein.

18       60.    On or about February 19, 2009, in the Northern District of California, as
19 consideration for the receipt of, and as consideration for a promise and agreement to pay,
20 anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
21 maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
22 defendant

23                                   LUIS HERRERA, a/k/a "Killer,"

24 together with others known and unknown, unlawfully, knowingly, and intentionally did attempt
25 to murder Victim-13, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

26       All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

27 //

28 //

-39-                                         THIRD SUPERSEDING INDICTMENT

1  COUNT TWENTY-TWO:  (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of
2                                        Racketeering of Victim-14)

3      61.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are
4  realleged and incorporated by reference as though fully set forth herein.

5      62.    On or about February 19, 2009, in the Northern District of California, as
6  consideration for the receipt of, and as consideration for a promise and agreement to pay,
7  anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
8  maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
9  defendant

10                              LUIS HERRERA, a/k/a "Killer,"

11  together with others known and unknown, unlawfully, knowingly, and intentionally did attempt
12  to murder Victim-14, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

13      All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

14  COUNT TWENTY-THREE: (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in
15                              Furtherance of Crime of Violence)

16      63.    On or about February 19, 2009, in the Northern District of California, the
17  defendants

18                              LUIS HERRERA, a/k/a "Killer,"

19  together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
20  a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
21  of the United States, namely, the murder in aid of racketeering of Moises Frias charged in Count
22  Eighteen of this Indictment, the attempted murder in aid of racketeering of Victim-12 charged in
23  Count Twenty of this Indictment, the attempted murder in aid of racketeering of Victim-13
24  charged in Count Twenty-One of this Indictment, and the attempted murder in aid of racketeering
25  of Victim-14 charged in Count Twenty-Two of this Indictment, and did possess a firearm in
26  furtherance of the offenses charged in Count Eighteen, Count Twenty, Count Twenty-One, and
27  Count Twenty-Two of this Indictment, and did brandish a firearm in furtherance of the offenses
28  charged in Count Eighteen, Count Twenty, Count Twenty-One, and Count Twenty-Two of this

1  Indictment, and did discharge a firearm in furtherance of the offenses charged in Count Eighteen,
2  Count Twenty, Count Twenty-One, and Count Twenty-Two of this Indictment.

3  All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

4  COUNT TWENTY-FOUR:  (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in
5  Furtherance of Crime of Violence)

6  64.  On or about March 4, 2009, in the Northern District of California, the defendant
7  LUIS HERRERA, a/k/a "Killer,"

8  together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
9  a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
10  of the United States, namely, the MS-13 racketeering conspiracy charged in Count One of this
11  Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of this
12  Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of racketeering
13  charged in Count Three of this Indictment, and did possess a firearm in furtherance of the
14  offenses charged in Count One, Count Two, and Count Three of this Indictment, and did
15  brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count
16  Three of this Indictment, and did discharge a firearm in furtherance of the offenses charged in
17  Count One, Count Two, and Count Three of this Indictment.

18  All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

19  COUNT TWENTY-FIVE:  (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous
20  Weapon in Aid of Racketeering of Victim-6)

21  65.  Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are
22  realleged and incorporated by reference as though fully set forth herein.

23  66.  On or about December 26, 2007, in the Northern District of California, as
24  consideration for the receipt of, and as consideration for a promise and agreement to pay,
25  anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
26  maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
27  defendant

28  ANGEL NOEL GUEVARA, a/ka "Peloncito,"

1 | together with others known and unknown, unlawfully, knowingly, and intentionally did assault

2 | Victim-6 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

3 | All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

4 | COUNT TWENTY-SIX: (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

5 | Racketeering of Victim-6)

6 | 67. Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are

7 | realleged and incorporated by reference as though fully set forth herein.

8 | 68. On or about December 26, 2007, in the Northern District of California, as

9 | consideration for the receipt of, and as consideration for a promise and agreement to pay,

10 | anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

11 | maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

12 | defendant

13 | ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

14 | together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

15 | to murder Victim-6, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

16 | All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

17 | COUNT TWENTY-SEVEN: (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous

18 | Weapon in Aid of Racketeering of Victim-7)

19 | 69. Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are

20 | realleged and incorporated by reference as though fully set forth herein.

21 | 70. On or about December 26, 2007, in the Northern District of California, as

22 | consideration for the receipt of, and as consideration for a promise and agreement to pay,

23 | anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

24 | maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

25 | defendant

26 | ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

27 | together with others known and unknown, unlawfully, knowingly, and intentionally did assault

28 | Victim-7 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

-42- THIRD SUPERSEDING INDICTMENT

1    All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

2    COUNT TWENTY-EIGHT: (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

3                              Racketeering of Victim-7)

4    71.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are

5    realleged and incorporated by reference as though fully set forth herein.

6    72.    On or about December 26, 2007, in the Northern District of California, as

7    consideration for the receipt of, and as consideration for a promise and agreement to pay,

8    anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

9    maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

10   defendant

11                          ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

12   together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

13   to murder Victim-7, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

14   All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

15   COUNT TWENTY-NINE:    (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous

16                              Weapon in Aid of Racketeering of Victim-8)

17   73.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are

18   realleged and incorporated by reference as though fully set forth herein.

19   74.    On or about December 26, 2007, in the Northern District of California, as

20   consideration for the receipt of, and as consideration for a promise and agreement to pay,

21   anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

22   maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

23   defendant

24                          ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

25   together with others known and unknown, unlawfully, knowingly, and intentionally did assault

26   Victim-8 with a dangerous weapon, in violation of California Penal Code Sections 245(a)(1) and

27   31.

28   All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

-43-                    THIRD SUPERSEDING INDICTMENT

COUNT THIRTY:          (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of
                       Racketeering of Victim-8)

75.     Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

76.     On or about December 26, 2007, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

together with others known and unknown, unlawfully, knowingly, and intentionally did attempt to murder Victim-8, in violation of California Penal Code Sections 187, 188, 189, 21a, 664, and 31.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

COUNT THIRTY-ONE:      (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous
                       Weapon in Aid of Racketeering of Victim-5)

77.     Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

78.     On or about December 9, 2005, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

together with others known and unknown, unlawfully, knowingly, and intentionally did assault Victim-5 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

//

1    COUNT THIRTY-TWO:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of
2                         Racketeering of Victim-5)

3        79.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are
4    realleged and incorporated by reference as though fully set forth herein.

5        80.    On or about December 9, 2005, in the Northern District of California, as
6    consideration for the receipt of, and as consideration for a promise and agreement to pay,
7    anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
8    maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
9    defendant

10                   DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

11   together with others known and unknown, unlawfully, knowingly, and intentionally did attempt
12   to murder Victim-5, in violation of California Penal Code Sections 187, 188, 189, 21a, 664, and
13   31.

14       All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

15   COUNT THIRTY-THREE:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in
16                         Furtherance of Crime of Violence)

17       81.    On or about December 9, 2005, in the Northern District of California, the
18   defendant

19                   DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

20   together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
21   a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
22   of the United States, namely, the assault with a dangerous weapon in aid of racketeering of
23   Victim-5 charged in Count Thirty-One of this Indictment and the attempted murder in aid of
24   racketeering of Victim-5 charged in Count Thirty-Two of this Indictment, and did possess a
25   firearm in furtherance of the offenses charged in Count Thirty-One and Count Thirty-Two of this
26   Indictment, and did brandish a firearm in furtherance of the offenses charged in Count Thirty-
27   One and Count Thirty-Two of this Indictment, and did discharge a firearm in furtherance of the
28   offenses charged in Count Thirty-One and Count Thirty-Two of this Indictment.

                                    -45-                    THIRD SUPERSEDING INDICTMENT

1  All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

2  COUNT THIRTY-FOUR:    (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous

3                          Weapon in Aid of Racketeering of Victim-10)

4  82.    Paragraphs 1 through 20, 23 through 27, and 29 through 30 of this Indictment are

5  realleged and incorporated by reference as though fully set forth herein.

6  83.    On or about June 19, 2008, in the Northern District of California, as

7  consideration for the receipt of, and as consideration for a promise and agreement to pay,

8  anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

9  maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

10  defendant

11                          DOUGLAS LARGAESPADA, a/k/a "Droopy,"

12  together with others known and unknown, unlawfully, knowingly, and intentionally did assault

13  Victim-10 with a dangerous weapon, in violation of California Penal Code Sections 245(a)(1)

14  and 31.

15  All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

16  COUNT THIRTY-FIVE:    (21 U.S.C. § 846 — Conspiracy to Distribute/Possess with Intent

17                          to Distribute Controlled Substances)

18  84.    From at least in or about 2006, up through and including on or about October 22,

19  2008, in the Northern District of California, the defendants

20                          MAURICIO URIAS, a/k/a "Puppet,"

21                          JUDITH SOSA, a/k/a "J-Dubbs," and

22                          JOHN LACSAMANA BRIEZ,

23  together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

24  conspire, confederate, and agree together and with each other to violate the narcotics laws of the

25  United States.

26  85.    It was a part and an object of the conspiracy that the defendants

27  //

28  //

-46-                          THIRD SUPERSEDING INDICTMENT

1       MAURICIO URIAS, a/k/a "Puppet,"
2                JUDITH SOSA, a/k/a "J-Dubbs," and
3                    JOHN LACSAMANA BRIEZ,

4   together with others known and unknown, unlawfully, knowingly, and intentionally would and
5   did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams or
6   more of actual methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1)
7   and (b)(1)(A).

8       86.     It was further a part and an object of the conspiracy that the defendant
9                        MAURICIO URIAS, a/k/a "Puppet,"

10  together with others known and unknown, unlawfully, knowingly, and intentionally would and
11  did distribute and possess with intent to distribute a controlled substance, to wit, 500 grams or
12  more of mixtures and substances containing a detectable amount of cocaine, in violation of Title
13  21, United States Code, Section 841(a)(1) and(b)(1)(B).

14      All in violation of Title 21, United States Code, Section 846.

15  COUNT THIRTY-SIX:          (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —
16                             Distribution/Possession with Intent to Distribute Controlled
17                             Substance)

18      87.     On or about May 24, 2006, in the Northern District of California, the defendants
19                       MAURICIO URIAS, a/k/a "Puppet,"
20                JUDITH SOSA, a/k/a "J-Dubbs," and
21                    JOHN LACSAMANA BRIEZ,

22  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a
23  controlled substance, to wit, 5 grams or more of actual methamphetamine.

24      All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and
25  Title 18, United States Code, Section 2.

26  //
27  //
28  //

-47-                    THIRD SUPERSEDING INDICTMENT

1 | COUNT THIRTY-SEVEN: (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

2 | Distribution/Possession with Intent to Distribute Controlled

3 | Substance)

4 | 88. On or about June 28, 2006, in the Northern District of California, the defendants

5 | MAURICIO URIAS, a/k/a "Puppet,"

6 | JUDITH SOSA, a/k/a "J-Dubbs," and

7 | JOHN LACSAMANA BRIEZ,

8 | unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

9 | controlled substance, to wit, 5 grams or more of actual methamphetamine.

10 | All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and

11 | Title 18, United States Code, Section 2.

12 | COUNT THIRTY-EIGHT: (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

13 | Distribution/Possession with Intent to Distribute Controlled

14 | Substance)

15 | 89. On or about July 11, 2006, in the Northern District of California, the defendants

16 | MAURICIO URIAS, a/k/a "Puppet," and

17 | JUDITH SOSA, a/k/a "J-Dubbs,"

18 | unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

19 | controlled substance, to wit, 5 grams or more of actual methamphetamine.

20 | All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and

21 | Title 18, United States Code, Section 2.

22 | COUNT THIRTY-NINE: (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

23 | Distribution/Possession with Intent to Distribute Controlled

24 | Substance)

25 | 90. On or about January 23, 2007, in the Northern District of California, the

26 | defendants

27 | //

28 | //

-48- THIRD SUPERSEDING INDICTMENT

1 | MAURICIO URIAS, a/k/a "Puppet,"

2 | JUDITH SOSA, a/k/a "J-Dubbs," and

3 | JOHN LACSAMANA BRIEZ,

4 | unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

5 | controlled substance, to wit, 5 grams or more of actual methamphetamine.

6 | All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and

7 | Title 18, United States Code, Section 2.

8 | <u>COUNT FORTY</u>: (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

9 | Distribution/Possession with Intent to Distribute Controlled

10 | Substance)

11 | 91. On or about July 13, 2007, in the Northern District of California, the defendant

12 | MAURICIO URIAS, a/k/a "Puppet,"

13 | unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

14 | controlled substance, to wit, approximately 56.7 grams of mixtures and substances containing a

15 | detectable amount of cocaine.

16 | All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and

17 | Title 18, United States Code, Section 2.

18 | <u>COUNT FORTY-ONE</u>: (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

19 | Distribution/Possession with Intent to Distribute Controlled

20 | Substance)

21 | 92. On or about August 17, 2007, in the Northern District of California, the

22 | defendant

23 | MAURICIO URIAS, a/k/a "Puppet,"

24 | unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

25 | controlled substance, to wit, approximately 85.05 grams of mixtures and substances containing a

26 | detectable amount of cocaine.

27 | All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and

28 | Title 18, United States Code, Section 2.

-49- THIRD SUPERSEDING INDICTMENT

1  COUNT FORTY-TWO:  (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

2  Distribution/Possession with Intent to Distribute Controlled

3  Substance)

4  93.  On or about September 14, 2007, in the Northern District of California, the

5  defendant

6  MAURICIO URIAS, a/k/a "Puppet,"

7  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

8  controlled substance, to wit, approximately 255.15 grams of mixtures and substances containing

9  a detectable amount of cocaine.

10  All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and

11  Title 18, United States Code, Section 2.

12  COUNT FORTY-THREE:  (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

13  Distribution/Possession with Intent to Distribute Controlled

14  Substance)

15  94.  On or about January 22, 2008, in the Northern District of California, the

16  defendant

17  MAURICIO URIAS, a/k/a "Puppet,"

18  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

19  controlled substance, to wit, approximately 113.40 grams of mixtures and substances containing

20  a detectable amount of cocaine.

21  All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and

22  Title 18, United States Code, Section 2.

23  COUNT FORTY-FOUR:  (18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery

24  Affecting Interstate Commerce)

25  95.  From at least on or about October 10, 2008, up through and including on or about

26  October 22, 2008, in the Northern District of California, the defendants

27  ARISTIDES CARCAMO, a/k/a "Indio," and

28  RAFAEL MONTOYA, a/k/a "Sapo,"

-50-  THIRD SUPERSEDING INDICTMENT

1  and others known and unknown, unlawfully, willfully, and intentionally did combine, conspire,

2  confederate, and agree together and with each other to commit robbery, as that term is defined in

3  Title 18, United States Code, Section 1951(b)(1), and thereby to obstruct, delay, and affect

4  commerce and the movement of articles and commodities in commerce, as that term is defined in

5  Title 18, United States Code, Section 1951(b)(3), to wit, CARCAMO, MONTOYA, and others

6  known and unknown, agreed and planned to rob a jeweler whose wares traveled in interstate and

7  foreign commerce.

8          All in violation of Title 18, United States Code, Section 1951(a).

9  COUNT FORTY-FIVE:     (18 U.S.C. §§ 922(a)(1)(A) and 2 — Engaging in the Unlicensed

10                              Business of Firearms Dealing)

11      96.    From at least in or about 2006, up through and including in or about May 2007,

12 in the Northern District of California and elsewhere, the defendant

13                     RENE MONTES-MAYORGA, a/k/a "Negro,"

14 not being a licensed importer, licensed manufacturer, and licensed dealer, unlawfully, willfully,

15 and knowingly did engage in the business of importing, manufacturing, and dealing in firearms,

16 and in the course of such business shipped, transported, and received firearms in interstate and

17 foreign commerce, including two SKS assault rifles, a 12-gauge shotgun, and a .22-caliber rifle.

18         All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

19 COUNT FORTY-SIX:     (18 U.S.C. § 922(g)(5) — Alien in Possession of a Firearm)

20      97.    On or about February 1, 2007, in the Northern District of California, the

21 defendant

22                     RENE MONTES-MAYORGA, a/k/a "Negro,"

23 then being an alien illegally and unlawfully in the United States, unlawfully, willfully, and

24 knowingly did possess a firearm, to wit, an SKS assault rifle, in and affecting interstate

25 commerce.

26         All in violation of Title 18, United States Code, Section 922(g)(5).

27 //

28 //

-51-          THIRD SUPERSEDING INDICTMENT

COUNT FORTY-SEVEN:   (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen Vehicle)

98.   On or about October 13, 2006, in the Northern District of California, the defendant

RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 1998 Honda Civic, VIN 1HGEJ7127WL062810, knowing the motor vehicle to have been stolen.

All in violation of Title 18, United States Code, Sections 553(a) and 2.

COUNT FORTY-EIGHT:   (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen Vehicle)

99.   On or about October 19, 2006, in the Northern District of California, the defendant

RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 1992 Honda Civic, VIN JHMEH9692NS005882, knowing the motor vehicle to have been stolen.

All in violation of Title 18, United States Code, Sections 553(a) and 2.

COUNT FORTY-NINE:   (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen Vehicle)

100.   On or about October 19, 2006, in the Northern District of California, the defendants

MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and
ARISTIDES CARCAMO, a/k/a "Indio,"

unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2000 Honda Civic, VIN 2HGEJ6619YH605469, knowing the motor vehicle to have been stolen.

All in violation of Title 18, United States Code, Sections 553(a) and 2.

COUNT FIFTY:   (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen Vehicle)

101.   On or about November 17, 2006, in the Northern District of California, the

1   defendants

2               RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

3                       DANIEL GONZALEZ, a/k/a "D,"

4   unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

5   Toyota Matrix, VIN 2T1KR32E54C072265, knowing the motor vehicle to have been stolen.

6           All in violation of Title 18, United States Code, Sections 553(a) and 2.

7   COUNT FIFTY-ONE:        (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

8                           Vehicle)

9           102.    On or about November 22, 2006, in the Northern District of California, the

10  defendants

11              RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

12                      DANIEL GONZALEZ, a/k/a "D,"

13  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2001

14  Toyota 4Runner, VIN JT3HN86RX10341372, knowing the motor vehicle to have been stolen.

15          All in violation of Title 18, United States Code, Sections 553(a) and 2.

16  COUNT FIFTY-TWO:        (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

17                          Vehicle)

18          103.    On or about November 28, 2006, in the Northern District of California, the

19  defendants

20              RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

21                      DANIEL GONZALEZ, a/k/a "D,"

22  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2000

23  Toyota 4Runner, VIN JT3HN86R7Y0279911, knowing the motor vehicle to have been stolen.

24          All in violation of Title 18, United States Code, Sections 553(a) and 2.

25  COUNT FIFTY-THREE:      (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

26                          Vehicle)

27          104.    On or about December 1, 2006, in the Northern District of California, the

28  defendant

1    RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

2    unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2004

3    Toyota Matrix, VIN 2T1KR32E7YC197592, knowing the motor vehicle to have been stolen.

4    All in violation of Title 18, United States Code, Sections 553(a) and 2.

5    COUNT FIFTY-FOUR:        (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

6                            Vehicle)

7    105.    On or about December 11, 2006, in the Northern District of California, the

8    defendant

9    RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

10   unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

11   Toyota Matrix, VIN 2T1KR32E03C125681, knowing the motor vehicle to have been stolen.

12   All in violation of Title 18, United States Code, Sections 553(a) and 2.

13   COUNT FIFTY-FIVE:        (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

14                           Vehicle)

15   106.    On or about December 11, 2006, in the Northern District of California, the

16   defendant

17   RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

18   unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

19   Toyota Matrix, VIN 2T1KR32E23C060994, knowing the motor vehicle to have been stolen.

20   All in violation of Title 18, United States Code, Sections 553(a) and 2.

21   COUNT FIFTY-SIX:         (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

22                           Vehicle)

23   107.    On or about January 9, 2007, in the Northern District of California, the

24   defendants

25   RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

26   DANIEL GONZALEZ, a/k/a "D,"

27   unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2002

28   Toyota 4Runner, VIN JT3GN86R120224003, knowing the motor vehicle to have been stolen.

1  All in violation of Title 18, United States Code, Sections 553(a) and 2.

2  COUNT FIFTY-SEVEN:  (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

3  Vehicle)

4  108.  On or about January 9, 2007, in the Northern District of California, the

5  defendants

6  RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

7  DANIEL GONZALEZ, a/k/a "D,"

8  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2002

9  Toyota Tacoma, VIN 5TEGN92N42Z137331, knowing the motor vehicle to have been stolen.

10  All in violation of Title 18, United States Code, Sections 553(a) and 2.

11  COUNT FIFTY-EIGHT:  (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

12  Vehicle)

13  109.  On or about January 17, 2007, in the Northern District of California, the

14  defendants

15  RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

16  DANIEL GONZALEZ, a/k/a "D,"

17  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

18  Toyota Tacoma, VIN 5TEGN92N81Z879763, knowing the motor vehicle to have been stolen.

19  All in violation of Title 18, United States Code, Sections 553(a) and 2.

20  COUNT FIFTY-NINE:  (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

21  Vehicle)

22  110.  On or about January 17, 2007, in the Northern District of California, the

23  defendants

24  RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

25  DANIEL GONZALEZ, a/k/a "D,"

26  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

27  Toyota Tacoma, VIN 5TEWN72N63Z194342, knowing the motor vehicle to have been stolen.

28  All in violation of Title 18, United States Code, Sections 553(a) and 2.

-55-                    THIRD SUPERSEDING INDICTMENT

1  COUNT SIXTY:          (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
2                        Vehicle)
3      111.    On or about January 17, 2007, in the Northern District of California, the
4  defendants
5                  RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and
6                        DANIEL GONZALEZ, a/k/a "D,"
7  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003
8  Toyota Tacoma, VIN 5TEGN92N03Z166312, knowing the motor vehicle to have been stolen.
9      All in violation of Title 18, United States Code, Sections 553(a) and 2.
10 NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE
11     Number 1: Conspiracy to Commit Murder in the First Degree
12     112.    Beginning on a date unknown to the Grand Jury but since at least the late 1990s,
13 and continuing up through and including the present, in the Northern District of California, the
14 defendants
15                        IVAN CERNA, a/k/a "Tigre,"
16          MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
17                  ANGEL NOEL GUEVARA, a/k/a "Peloncito,"
18              MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"
19                      ERICK LOPEZ, a/k/a "Spooky,"
20              JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"
21          GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"
22              WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"
23                  CESAR ALVARADO, a/k/a "Momia,"
24                      LUIS HERRERA, a/k/a "Killer,"
25                  DANILO VELASQUEZ, a/k/a "Triste,"
26              GIOVANNI HERNANDEZ, a/k/a "Candil,"
27              WALTER CRUZ-ZAVALA, a/k/a "Sombra,"
28          DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

1    CARLOS GARRIDO, a/k/a "Tweety,"

2    DOUGLAS LARGAESPADA, a/k/a "Droopy,"

3    ARISTIDES CARCAMO, a/k/a "Indio,"

4    RAFAEL MONTOYA, a/k/a "Sapo,"

5    WILBERT CASTILLO, a/k/a "Cypress,"

6    JOSE QUINTEROS, a/k/a "Fantasma,"

7    MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger,"

8    MANUEL FRANCO, a/k/a "Dreamer,"

9    RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

10    MAURICIO URIAS, a/k/a "Puppet,"

11 together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

12 conspire, confederate, and agree together and with each other to kill deliberately and with

13 premeditation another person, and a conspirator committed an overt act in furtherance of the

14 conspiracy, in violation of California Penal Code Sections 187, 188, 189, and 182, to wit, the

15 defendants agreed together and with each other to kill actual and suspected *Norteños*, actual and

16 suspected members of other gangs, and individuals suspected of cooperating with law

17 enforcement.

18    Number 2: ERICK LOPEZ — First Degree Murder of Ernad Joldic

19    113.    On or about March 29, 2008, in the Northern District of California, the defendant

20    ERICK LOPEZ, a/k/a "Spooky,"

21 unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Ernad

22 Joldic, in violation of California Penal Code Sections 187, 188, and 189.

23    Number 3: ERICK LOPEZ — First Degree Murder of Phillip Ng

24    114.    On or about March 29, 2008, in the Northern District of California, the defendant

25    ERICK LOPEZ, a/k/a "Spooky,"

26 unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Phillip Ng,

27 in violation of California Penal Code Sections 187, 188, and 189.

28 //

-57-    THIRD SUPERSEDING INDICTMENT

1    <u>Number 4: JONATHAN CRUZ-RAMIREZ — First Degree Murder of Juan Rodriguez</u>

2    115.    On or about May 31, 2008, in the Northern District of California, the defendant

3    JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado"

4    unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Juan

5    Rodriguez, in violation of California Penal Code Sections 187, 188, and 189.

6    <u>Number 5: JONATHAN CRUZ-RAMIREZ — First Degree Murder of Armando Estrada</u>

7    116.    On or about July 11, 2008, in the Northern District of California, the defendant

8    JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado"

9    unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Armando

10   Estrada, in violation of California Penal Code Sections 187, 188, and 189.

11   <u>Number 6: GUILLERMO HERRERA — First Degree Murder of Armando Estrada</u>

12   117.    On or about July 11, 2008, in the Northern District of California, the defendant

13   GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

14   unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Armando

15   Estrada, in violation of California Penal Code Sections 187, 188, and 189.

16   <u>Number 7: WALTER CHINCHILLA-LINAR — First Degree Murder of Ivan Miranda</u>

17   118.    On or about July 31, 2008, in the Northern District of California, the defendant

18   WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

19   unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Ivan

20   Miranda, in violation of California Penal Code Sections 187, 188, and 189.

21   <u>Number 8: CESAR ALVARADO — First Degree Murder of Ivan Miranda</u>

22   119.    On or about July 31, 2008, in the Northern District of California, the defendant

23   CESAR ALVARADO, a/k/a "Momia,"

24   unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Ivan

25   Miranda, in violation of California Penal Code Sections 187, 188, and 189.

26   <u>Number 9: LUIS HERRERA — First Degree Murder of Moises Frias</u>

27   120.    On or about February 19, 2009, in the Northern District of California, the

28   defendant

-58-                    THIRD SUPERSEDING INDICTMENT

1                           LUIS HERRERA, a/k/a "Killer,"

2 unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Moises

3 Frias, in violation of California Penal Code Sections 187, 188, and 189.

4         Number 10: LUIS HERRERA — Attempted First Degree Murder of Victim-12

5         121.    On or about February 19, 2009, in the Northern District of California, the

6 defendant

7                           LUIS HERRERA, a/k/a "Killer,"

8 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

9 Victim-12, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

10         Number 11: LUIS HERRERA — Attempted First Degree Murder of Victim-13

11         122.    On or about February 19, 2009, in the Northern District of California, the

12 defendant

13                           LUIS HERRERA, a/k/a "Killer,"

14 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

15 Victim-13, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

16         Number 12: LUIS HERRERA — Attempted First Degree Murder of Victim-14

17         123.    On or about February 19, 2009, in the Northern District of California, the

18 defendant

19                           LUIS HERRERA, a/k/a "Killer,"

20 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

21 Victim-14, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

22         Number 13: ANGEL NOEL GUEVARA — Attempted First Degree Murder of Victim-6

23         124.    On or about December 26, 2007, in the Northern District of California, the

24 defendant

25                 ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

26 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

27 Victim-6, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

28 //

-59-                     THIRD SUPERSEDING INDICTMENT

1    Number 14: ANGEL NOEL GUEVARA — Attempted First Degree Murder of Victim-7

2    125.    On or about December 26, 2007, in the Northern District of California, the

3    defendant

4                    ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

5    unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

6    Victim-7, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

7    Number 15: ANGEL NOEL GUEVARA — Attempted First Degree Murder of Victim-8

8    126.    On or about December 26, 2007, in the Northern District of California, the

9    defendant

10                   ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

11   unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

12   Victim-8, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

13   Number 16: DANIEL PORTILLO — Attempted First Degree Murder of Victim-5

14   127.    On or about December 9, 2005, in the Northern District of California, the

15   defendant

16                   DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

17   unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

18   Victim-5, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

19   Number 17: MAURICIO URIAS — Conspiracy to Distribute 50 Grams or More of

20   Actual Methamphetamine

21   128.    From at least in or about 2006, up through and including in or about January

22   2008, in the Northern District of California, the defendant

23                   MAURICIO URIAS, a/k/a "Puppet,"

24   together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

25   conspire, confederate, and agree together and with each other to distribute and possess with

26   intent to distribute 50 grams or more of actual methamphetamine, in violation of Title 21, United

27   States Code, Sections 841(a)(1) and(b)(1)(A) and 846.

28   //

                                        -60-            THIRD SUPERSEDING INDICTMENT

1  NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT ERICK LOPEZ

2      129.   The allegations of Count Five, Count Six, and Count Seven of this Indictment are
3  realleged and incorporated by reference as though fully set forth herein.

4      130.   As to Count Five, Count Six, and Count Seven of this Indictment, the defendant
5  ERICK LOPEZ, a/k/a "Spooky":

6          (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §
7  3591(a));

8          (2) intentionally killed the victim named in the respective capital count (18
9  U.S.C. § 3591(a)(2)(A));

10         (3) intentionally inflicted serious bodily injury that resulted in the death of the
11  victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

12         (4) intentionally participated in one or more acts, contemplating that the life of a
13  person would be taken or intending that lethal force would be used in connection with a person,
14  other than a participant in the offense, and the victim named in the respective capital count died
15  as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

16         (5) intentionally and specifically engaged in one or more acts of violence,
17  knowing that the act or acts created a grave risk of death to a person, other than a participant in
18  the offense, such that participation in such act or acts constituted a reckless disregard for human
19  life, and the victim named in the respective capital count died as a direct result of such act or acts
20  (18 U.S.C. § 3591(a)(2)(D)).

21      131.   As to Count Five, Count Six, and Count Seven of this Indictment, the defendant
22  ERICK LOPEZ, a/k/a "Spooky," in the commission of the offense, or in escaping apprehension
23  for the offense, knowingly created a grave risk of death to one or more persons in addition to the
24  victim of the offense named in the respective capital count (18 U.S.C. § 3592(c)(5)).

25      132.   As to Count Five, Count Six, and Count Seven of this Indictment, the defendant
26  ERICK LOPEZ, a/k/a "Spooky," committed the offense after substantial planning and
27  premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

28      133.   As to Count Five, Count Six, and Count Seven of this Indictment, the defendant

1  ERICK LOPEZ, a/k/a "Spooky," intentionally killed or attempted to kill more than one person in
2  a single criminal episode (18 U.S.C. § 3592(c)(16)).

3  NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT JONATHAN CRUZ-
4  RAMIREZ

5  134.  The allegations of Count Ten, Count Eleven, Count Thirteen, and Count
6  Fourteen of this Indictment are realleged and incorporated by reference as though fully set forth
7  herein.

8  135.  As to Count Ten, Count Eleven, Count Thirteen, and Count Fourteen of this
9  Indictment, the defendant JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado":

10  (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §
11  3591(a));

12  (2) intentionally killed the victim named in the respective capital count (18
13  U.S.C. § 3591(a)(2)(A));

14  (3) intentionally inflicted serious bodily injury that resulted in the death of the
15  victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

16  (4) intentionally participated in one or more acts, contemplating that the life of a
17  person would be taken or intending that lethal force would be used in connection with a person,
18  other than a participant in the offense, and the victim named in the respective capital count died
19  as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

20  (5) intentionally and specifically engaged in one or more acts of violence,
21  knowing that the act or acts created a grave risk of death to a person, other than a participant in
22  the offense, such that participation in such act or acts constituted a reckless disregard for human
23  life, and the victim named in the respective capital count died as a direct result of such act or acts
24  (18 U.S.C. § 3591(a)(2)(D)).

25  136.  As to Count Thirteen and Count Fourteen of this Indictment, the defendant
26  JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," in the commission of the offense, or in
27  escaping apprehension for the offense, knowingly created a grave risk of death to one or more
28  persons in addition to the victim of the offense named in the respective capital count (18 U.S.C.

-62-                                    THIRD SUPERSEDING INDICTMENT

1 § 3592(c)(5)).

2     137. As to Count Ten, Count Eleven, Count Thirteen, and Count Fourteen of this
3 Indictment, the defendant JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," committed the
4 offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. §
5 3592(c)(9)).

6 NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT GUILLERMO HERRERA

7     138. The allegations of Count Thirteen and Count Fourteen of this Indictment are
8 realleged and incorporated by reference as though fully set forth herein.

9     139. As to Count Thirteen and Count Fourteen of this Indictment, the defendant
10 GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky":

11     (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §
12 3591(a));

13     (2) intentionally killed the victim named in the respective capital count (18
14 U.S.C. § 3591(a)(2)(A));

15     (3) intentionally inflicted serious bodily injury that resulted in the death of the
16 victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

17     (4) intentionally participated in one or more acts, contemplating that the life of a
18 person would be taken or intending that lethal force would be used in connection with a person,
19 other than a participant in the offense, and the victim named in the respective capital count died
20 as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

21     (5) intentionally and specifically engaged in one or more acts of violence,
22 knowing that the act or acts created a grave risk of death to a person, other than a participant in
23 the offense, such that participation in such act or acts constituted a reckless disregard for human
24 life, and the victim named in the respective capital count died as a direct result of such act or acts
25 (18 U.S.C. § 3591(a)(2)(D)).

26     140. As to Count Thirteen and Count Fourteen of this Indictment, the defendant
27 GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky," in the commission of the offense, or
28 in escaping apprehension for the offense, knowingly created a grave risk of death to one or more

-63-     THIRD SUPERSEDING INDICTMENT

1 persons in addition to the victim of the offense named in the respective capital count (18 U.S.C.
2 § 3592(c)(5)).

3     141. As to Count Thirteen and Count Fourteen of this Indictment, the defendant
4 GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky," committed the offense after
5 substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).
6 NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT WALTER CHINCHILLA-
7 LINAR

8     142. The allegations of Count Seventeen of this Indictment are realleged and
9 incorporated by reference as though fully set forth herein.

10     143. As to Count Seventeen of this Indictment, the defendant WALTER
11 CHINCHILLA-LINAR, a/k/a "Demonio":

12         (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §
13 3591(a));

14         (2) intentionally killed the victim named in the respective capital count (18
15 U.S.C. § 3591(a)(2)(A));

16         (3) intentionally inflicted serious bodily injury that resulted in the death of the
17 victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

18         (4) intentionally participated in one or more acts, contemplating that the life of a
19 person would be taken or intending that lethal force would be used in connection with a person,
20 other than a participant in the offense, and the victim named in the respective capital count died
21 as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

22         (5) intentionally and specifically engaged in one or more acts of violence,
23 knowing that the act or acts created a grave risk of death to a person, other than a participant in
24 the offense, such that participation in such act or acts constituted a reckless disregard for human
25 life, and the victim named in the respective capital count died as a direct result of such act or acts
26 (18 U.S.C. § 3591(a)(2)(D)).

27     144. As to Count Seventeen of this Indictment, the defendant WALTER
28 CHINCHILLA-LINAR, a/k/a "Demonio," in the commission of the offense, or in escaping

1  apprehension for the offense, knowingly created a grave risk of death to one or more persons in
2  addition to the victim of the offense named in the respective capital count (18 U.S.C. §
3  3592(c)(5)).

4  145.  As to Count Seventeen of this Indictment, the defendant WALTER
5  CHINCHILLA-LINAR, a/k/a "Demonio," committed the offense after substantial planning and
6  premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

7  NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT CESAR ALVARADO

8  146.  The allegations of Count Seventeen of this Indictment are realleged and
9  incorporated by reference as though fully set forth herein.

10  147.  As to Count Seventeen of this Indictment, the defendant CESAR ALVARADO,
11  a/k/a "Momia":

12  (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §
13  3591(a));

14  (2) intentionally killed the victim named in the respective capital count (18
15  U.S.C. § 3591(a)(2)(A));

16  (3) intentionally inflicted serious bodily injury that resulted in the death of the
17  victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

18  (4) intentionally participated in one or more acts, contemplating that the life of a
19  person would be taken or intending that lethal force would be used in connection with a person,
20  other than a participant in the offense, and the victim named in the respective capital count died
21  as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

22  (5) intentionally and specifically engaged in one or more acts of violence,
23  knowing that the act or acts created a grave risk of death to a person, other than a participant in
24  the offense, such that participation in such act or acts constituted a reckless disregard for human
25  life, and the victim named in the respective capital count died as a direct result of such act or acts
26  (18 U.S.C. § 3591(a)(2)(D)).

27  148.  As to Count Seventeen of this Indictment, the defendant CESAR ALVARADO,
28  a/k/a "Momia," in the commission of the offense, or in escaping apprehension for the offense,

-65-                    THIRD SUPERSEDING INDICTMENT

1 knowingly created a grave risk of death to one or more persons in addition to the victim of the

2 offense named in the respective capital count (18 U.S.C. § 3592(c)(5)).

3    149.   As to Count Seventeen of this Indictment, the defendant CESAR ALVARADO,

4 a/k/a "Momia," committed the offense after substantial planning and premeditation to cause the

5 death of a person (18 U.S.C. § 3592(c)(9)).

6 NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT LUIS HERRERA

7    150.   The allegations of Count Eighteen and Count Nineteen of this Indictment are

8 realleged and incorporated by reference as though fully set forth herein.

9    151.   As to Count Eighteen and Count Nineteen of this Indictment, the defendant LUIS

10 HERRERA, a/k/a "Killer":

11       (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §

12 3591(a));

13       (2) intentionally killed the victim named in the respective capital count (18

14 U.S.C. § 3591(a)(2)(A));

15       (3) intentionally inflicted serious bodily injury that resulted in the death of the

16 victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

17       (4) intentionally participated in one or more acts, contemplating that the life of a

18 person would be taken or intending that lethal force would be used in connection with a person,

19 other than a participant in the offense, and the victim named in the respective capital count died

20 as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

21       (5) intentionally and specifically engaged in one or more acts of violence,

22 knowing that the act or acts created a grave risk of death to a person, other than a participant in

23 the offense, such that participation in such act or acts constituted a reckless disregard for human

24 life, and the victim named in the respective capital count died as a direct result of such act or acts

25 (18 U.S.C. § 3591(a)(2)(D)).

26    152.   As to Count Eighteen and Count Nineteen of this Indictment, the defendant LUIS

27 HERRERA, a/k/a "Killer," in the commission of the offense, or in escaping apprehension for the

28 offense, knowingly created a grave risk of death to one or more persons in addition to the victim

1  of the offense named in the respective capital count (18 U.S.C. § 3592(c)(5)).

2        153.    As to Count Eighteen and Count Nineteen of this Indictment, the defendant LUIS

3  HERRERA, a/k/a "Killer," committed the offense after substantial planning and premeditation to

4  cause the death of a person (18 U.S.C. § 3592(c)(9)).

5      DATED:                                    A TRUE BILL

6      *September 27, 2009*

7                                                *Lynda Benjamin*
                                                 FOREPERSON
8

9      JOSEPH P. RUSSONIELLO
       United States Attorney
10

11

12     BRIAN J. STRETCH
       Chief, Criminal Division
13

14

15     (Approved as to form:                                    )
                              AUSA W.S. Wilson Leung
16                            AUSA Christine Y. Wong
                              Trial Attorney Theryn G. Gibbons
17     //

18     //

19     //

20     //

21     //

22     //

23     //

24     //

25     //

26     //

27     //

28     //

                                           -67-        THIRD SUPERSEDING INDICTMENT