MELINDA L. HAAG (CABN 132612)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
WIL FRENTZEN (LABN 24421)
Assistant United States Attorneys

THERYN G. GIBBONS (NYBN 4612867)
Trial Attorney, United States Department of Justice, Gang Unit

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6758/7301
    Facsimile: (415) 436-6753
    E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. S3-08-CR-0730-WHA |
|---|---|---|
| v. | ) | |
| ERICK LOPEZ, JONATHAN CRUZ-RAMIREZ, GUILLERMO HERRERA, WALTER CHINCHILLA-LINAR, CESAR ALVARADO, and LUIS HERRERA, | ) ) ) ) ) ) | GOVERNMENT'S MOTION TO RELIEVE LEARNED COUNSEL<br><br>Date: October 19, 2010<br>Time: 2:00 pm<br>Court: Hon. William Alsup |
| Defendants. | ) ) ) | |

    The Government respectfully submits this motion to relieve learned counsel who have been appointed pursuant to 18 U.S.C. § 3005 to represent defendants Erick Lopez, Jonathan Cruz-Ramirez, Guillermo Herrera, Walter Chinchilla-Linar, Cesar Alvarado, and Luis Herrera. These six defendants were charged with capital crimes, but, as of September 16, 2010, when the Government filed notice that it would not seek the death penalty against any of these defendants (Docket #2273), these defendants' entitlement to learned counsel ended. See United States v.

Waggoner, 339 F.3d 915, 917-19 (9th Cir. 2003) ("the district court properly concluded that the defendant was not entitled to be represented by two attorneys after the government filed formal notice that it did not intend to seek the death penalty. . . .when a defendant is no longer subject to 'indictment' for a 'capital crime' because the threat that the death penalty will be imposed has been eliminated, the defendant no longer has a statutory right to a second court-appointed attorney to defend him at the trial of the non-capital offense").

     Given the vast amount of limited judicial resources that have already been consumed in the litigation of this matter, and given that the defendants will likely continue to consume additional judicial resources during the remainder of this case, the Government respectfully submits that funding for learned counsel who are now no longer needed would be better used for other expenses, e.g., interpreters. Accordingly, the Government respectfully requests that learned counsel (who have carried their responsibilities effectively in this case) be relieved forthwith.[1]

DATED: October 6, 2010         Respectfully submitted,

                                     MELINDA HAAG
                                     United States Attorney

                        By:   /s/
                                   W.S. Wilson Leung
                                   Wil Frentzen
                                   Assistant United States Attorney

                                   Theryn G. Gibbons
                                   Trial Attorney, U.S. Department of Justice

---

[1] Similarly, the Government would also submit that any other resources allocated to the investigation and litigation of the death penalty — such as the victim liaison that was the subject of prior discussion — be diverted for useful and relevant purposes.