MARTIN SABELLI (164772)
Law Offices of Martin A. Sabelli
149 Natoma St., 3rd Fl.
San Francisco, CA 94105
Tel: (415) 284-9806
Fax: (415) 520-5810
msabelli@comcast.net

Attorney for
GUILLERMO HERRERA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 08-0730 WHA |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE** |
| | **AND** |
| vs. | **MOTION IN LIMINE TO ADMIT EXHIBIT (INDICTMENT OF ROBERTO CLAROS ACOSTA)** |
| IVAN CERNA, *et al.*, | |
| Defendants. | |

PLEASE TAKE NOTICE that GUILLERMO HERRERA hereby respectfully requests that the Court take judicial notice that:

1. From October 16, 2008 through September 16, 2010 he faced charges which made him eligible for capital punishment;

2. From October 22, 2008 through September 24, 2009 he was the only accused person facing capital-eligible charges in this case; and

3. Roberto Claros Acosta (aka Zorro, Little Bad Boy, Bad Boy) was indicted on March 29, 2011 for unlawfully, knowingly, and intentionally making a materially, false, fictitious, and fraudulent statement and representation during a debriefing with federal prosecutors and a federal law enforcement agent: specifically, he falsely denied being involved in any murders or attempted murders aside from one incident involving bus drivers in Honduras when, in fact, he was directly involved in approximately eight additional murders in Honduras.

The preceding facts cannot reasonably be disputed and are supported by the following items in the Court's Docket:

1. Docket 1;

2. Docket 194;

3. Docket 658;

4. Docket 2273;

5. Docket 3852-1.

Docket 3852-1 (the SF-1211/Bad Boy Indictment) is also admissible as a statement by a party opponent. Mr. Herrera offers this exhibit to establish SF-1211's capacity and willingness to deceive prosecutors and agents which is relevant to his entrapment defense and necessary to confront (impeach) prosecution informants and cooperators. In this respect, the prosecution has examined an informant-witness (e.g., SF-1218) and each cooperator-witness (e.g., Garrido, Espinal, Marota, Palma, Alvarado, A. Martinez) regarding the prosecution's directive to tell the truth in order to establish the reliability of the testimony offered by each. Furthermore, the prosecution has offered numerous cooperation plea agreements to establish that its supervision of informants and cooperators ensures, or tends to ensure, the reliability of the information which they provide because the benefits offered by the government require truth-telling. SF-

2

1   1211, of course, was also required to tell the truth in order to receive benefits under the terms of

2   his informant agreements.

3   DATED: July 3, 2011                                    Respectfully Submitted,

4                                                          _____/s/_____

5                                                          MARTIN A. SABELLI
                                                           Counsel for Guillermo Herrera
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28