MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
WIL FRENTZEN (LABN 24421)
Assistant United States Attorneys

THERYN G. GIBBONS (NYBN 4612867)
Trial Attorney, United States Department of Justice, Gang Unit

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6758
    Facsimile: (415) 436-6753
    E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. S3-CR-08-730-WHA |
| v. | GOVERNMENT'S MEMORANDUM RESPONDING TO DEFENDANT ERICK LOPEZ'S MOTION FOR MISTRIAL (DOCKET #4576) |
| ERICK LOPEZ, | |
| Defendant. | |

The Government respectfully submits this response to defendant Erick Lopez's motion for a mistrial (Docket #4576). The defendant contends that the jury's initial exposure to his admission (made to Oliver Marota) that the gun for which he was arrested had two bodies on it constitutes such overwhelming prejudice that a mistrial is required. For the following reasons, this claim should be denied.

The decision whether to declare a mistrial during trial is entrusted to the discretion of the district court. See United States v. Banks, 514 F.3d 959, 973 (9th Cir. 2008) ("We generally review the district court's denial of a motion for a mistrial for abuse of discretion.") (citing

United States v. Allen, 341 F.3d 870, 891 (9th Cir. 2003)); United States v. Hagege, 437 F.3d 943, 959-60 (9th Cir. 2006); see, e.g., United States v. Cardenas-Mendoza, 579 F.3d 1024, 1031-32 (9th Cir. 2009) (recognizing district court has discretion to declare mistrial for Jencks Act violation); United States v. Green, 962 F.2d 938, 944 (9th Cir. 1992) ("We accord great deference to a trial judge's decision whether to declare a mistrial because of jury deadlock."). "[C]ourts have the power to declare a mistrial whenever, in their opinion, taking all circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." United States v. Escalante, 637 F.2d 1197, 1202 (9th Cir. 1980); see Arizona v. Washington, 434 U.S. 497, 505 (1978) (holding that mistrial should be declared only if there is "manifest necessity" for it). Because the defendant cannot show any prejudice from the jury's limited exposure of the defendant's admission through Marota's testimony, his motion for mistrial should be denied.

First, the Court has already instructed the jury to disregard the testimony. See Trial Tr at 11395-97. Given that "juries are presumed to follow jury instructions," United States v. Scott, __ F.3d __, 2011 WL 2207324, at *6 (9th Cir. June 8, 2011) (citing Brown v. Ornoski, 503 F.3d 1006, 1018 (9th Cir. 2007)), the defendant's motion fails from the start.

In addition, even assuming that the jury disregards the Court's instruction, the admission in dispute merely repeated other evidence already in the record. For instance, Abraham Martinez and Walter Palma each testified that Lopez stated that the gun for which he was arrested had two bodies on it. See Trial Tr. at 2381-82 (Martinez); 7493 (Palma). In addition, Carlos Garrido testified that Lopez told him that the gun for which he was arrested was "hot" because it had been used to do a hit on "Atenes" or "Athenes" Street. See Trial Tr at. 9587-9590. Moreover, firearms expert Mark Proia testified that his examination of the firearm found near Lopez — which Lopez has stipulated to possessing on March 30, 2008, see Trial Tr. at 12004 (stipulation between parties) — concluded that it was the gun that fired the rounds that left casings at the scene of the Joldic-Ng double homicide. See Trial Tr. at 7073-74. In light of this other evidence, even assuming the jury blatantly disregards the Court's instructions, the jury's exposure to Marota's testimony regarding Lopez's admission does not constitute the manifest

necessity required to justify a mistrial.[1]

For all of the foregoing reasons, the defendant's motion for a mistrial should be denied.

DATED: July 4, 2011	Respectfully submitted,

MELINDA HAAG
United States Attorney

By:   /s/
W.S. Wilson Leung
Wil Frentzen
Assistant United States Attorneys

Theryn G. Gibbons
Trial Attorney

---

[1] Additionally, it bears noting that although the Government has consented to the striking of the disputed portion of Lopez's admission to Marota, the Government disputes there was a Massiah violation in the first place. Among other facts that undermine Lopez's Massiah claim is the indisputable fact that Lopez was not charged with the Joldic-Ng murders, and any firearms offenses related thereto, until the filing of the Third Superseding Indictment in this case on *September 24, 2009*, almost two months after he made his disputed admission to Marota. Thus, as for the crimes, Lopez had not Sixth Amendment right at the time he made his admission to Marota.