MARTIN SABELLI (164772)
Law Offices of Martin A. Sabelli
149 Natoma St., 3rd Fl.
San Francisco, CA 94105
Tel: (415) 284-9806
Fax: (415) 520-5810
msabelli@comcast.net

Attorney for
GUILLERMO HERRERA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR 08-0730 WHA |
|---|---|
| Plaintiff, | **AMENDED SUPPLEMENTAL MEMORANDUM RE REQUEST FOR JUDICIAL NOTICE (DOCKET 4626)** |
| vs. | |
| IVAN CERNA, *et al.*, | |
| Defendants. | |

The prosecution has taken the position that Mr. Herrera was not death-eligible under the first indictment.[1] In taking this position, the prosecution is reversing the position it maintained uniformly during the first year of this case. The prosecution is also confusing two issues: whether or not the prosecution charged a capital-eligible crime (triggering the capital review process by the prosecution) and whether or not the prosecution properly pled the charges

---

[1] The prosecution's pleading, once again, makes personal and unprofessional allegations which contribute nothing to the Court's decision-making. Docket 4653 at 3 ("Rather, it is the defendant who flip-flops constantly in order to support whatever his claim of the day may be.") For this reason alone, the pleading should be struck. Mr. Herrera is not making this request in order to focus better on the merits of his request.

1

(triggering defense motions attempting to arrest the capital-review process). The prosecution cannot side-step the instant request because it failed to plead the Indictment properly.

In fact, the prosecution maintained at every court appearance in the first year of this case, and in numerous pleadings in this matter, that the charges against Mr. Herrera made him eligible for capital punishment. For example, in Docket 492 (filed in July, 2009), the prosecution stipulated to the following with respect to the ongoing capital review process:

> The parties share a common purpose of ensuring that the capital review process be premised on reliable, complete, and accurate information. The parties respectfully submit that this common purpose serves the interests of justice as well as the interests of judicial economy by ensuring that a decision to seek death be as definitive as possible.
>
> To this end, the parties have conferred regarding the need for further pre-certification mitigation by the defense and have agreed that it is in the interests of both parties that the date for filing the Notice of Intent to Seek Death is hereby continued from November 16, 2009 to February 8, 2010.

The prosecution, of course, could not be undertaking a capital review process for charges that it considered not to be capital eligible. This Stipulation, entered during the first year of this case, relates to the mitigation work done by undersigned counsel as well as Learned Counsel, John Grele, to present a case to the United States Attorney not to file a notice of intent. Mr. Grele, of course, was appointed with the express consent of the prosecution because Mr. Herrera had been charged with a capital crime. As the prosecution represented, in a joint pleading with undersigned counsel, on February 12, 2009:

> The Government and the defendant, Guillermo Herrera, by his counsel Martin Sabelli, Esq., respectfully submit this joint response to the Court's inquiry concerning whether the defendant is presently entitled to the appointment of learned counsel ***in light of the fact that he has been charged with a capital crime***.

Docket 211 at 1 (emphasis added). In that same pleading, the prosecution also took the position that:

> In light of the fact that the defendant is presently charged in Count Ten of the Second Superseding Indictment with a ***capital crime*** — to wit, murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) — the defendant's right to the appointment of

2

> learned counsel under 18 U.S.C. § 3005 has vested and his request for the appointment of learned counsel made on February 10, 2009 must be granted.

Docket 211 at 2 (emphasis added).

In response, the Court issued an Order which began as follows:

> At the hearing on Tuesday, February 10, 2009, counsel for defendant Guillermo Herrera requested authorization for appointment of second counsel experienced in and knowledgeable about the defense of death penalty cases pursuant to 18 U.S.C. 3005. ***Defendant Herrera has been indicted with a capital-eligible crime.*** The government has yet to file a notice of intent to seek the death penalty but has invited defendant to provide input. The Court requested that both sides respond with their views regarding defendant's entitlement to appointment of second counsel at this stage of the litigation, and the parties submitted a joint response indicating that defendant is currently entitled to the appointment of learned counsel.

Docket 214 at 1 (emphasis added). The Order concluded:

> ***Because defendant has been indicted for a capital crime***, he is entitled to the appointment of learned counsel. The Court hereby **APPROVES** defendant's request for the appointment of second counsel experienced in and knowledgeable about the defense of death penalty cases.

Docket 214 at 2 (emphasis added).

## CONCLUSION

In light of the fore-going, Mr. Herrera requests that this Court take judicial notice of the fact that the prosecution charged Mr. Herrera with a capital-eligible crime in October, 2008. Whether the indictment was properly pled or not is an entirely different matter.

DATED: July 7, 2011                                   Respectfully Submitted,

                                                      _____/s/_____
                                                      MARTIN A. SABELLI
                                                      Counsel for Guillermo Herrera