MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

THERYN G. GIBBONS (NYBN 4612867)
Trial Attorney, United States Department of Justice, Gang Unit

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6758/7301
    Facsimile: (415) 436-6753
    E-Mail: wilson.leung@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> IVAN CERNA, et al., <br><br> Defendants. | **No. CR 08-730 WHA** <br><br> **GOVERNMENT'S OPPOSITION TO MOTION TO ADMIT DH188 OR, IN THE ALTERNATIVE, MOTION TO ADMIT THE ENTIRE TRANSCRIPT** <br><br> Date: TBA <br> Court: Hon. William Alsup <br> Time: TBA |

    Defendant Herrera moves for admission of 7 minutes of a recording, DH188, through witness Jose Espinal. The portions that defendant Herrera seeks to admit cannot be authenticated – pursuant to the rules for admission argued by defendants themselves – because the witness, Mr. Espinal, was simply not present for those portions. As Mr. Espinal had previously indicated on the transcript he marked long ago, he left at around the 49:00 minute mark and was not part of the conversation again until much later – well

GOVERNMENT'S MOT.
[CR 08-730 WHA]      1

after the 52:00 minute to 59:00 minute mark that defendant Herrera seeks to admit. This is not gamesmanship – as defendant's motion claims without any evidence – as there are many portions of DH188 that are quite good for the government during the period that Mr. Espinal states he was not present.[1] Furthermore, the recording itself indicates that Mr. Espinal had left, and where he returns as defendant Flores can be heard calling out to "Chiqui" near the time that Mr. Espinal indicated he returned to the recorded conversation.

As a result, the portion for which Mr. Espinal is not present cannot be authenticated **pursuant to the very rules that the defendants have successfully argued to the Court over the past several months** and cannot be admitted.[2] Defendant Herrera's argument pursuant to Fed. R. Evid. 106 fails as a matter of law, as the portion he seeks does not clarify or explain other portions of the recording. It only introduces unclear jibberish he wants to argue is relevant in the larger picture of the evidence. "The rule of completeness requires that a full document or set of documents be introduced: 'when one party has made use of a portion of a document, **such that misunderstanding or distortion can be**

---

[1] Even defendant Herrera's transcript does not list Mr. Espinal as a speaker during the pertinent portion he seeks to admit. It does list Mr. Espinal several minutes earlier and several minutes later. However, upon listening to the recording and reviewing the transcript, Mr. Espinal indicated that he was not the speaker as to several entries on defendant Herrera's transcript. Rather, Mr. Espinal identified the speaker as defendant Cruz-Ramirez. The linguist from ICE who facilitated Mr. Espinal's listening to the transcripts – and has listened to, and translated many, many hours of recordings of 20th Street gang members herself – agreed with Mr. Espinal that defendant Herrera's transcript mis-identified defendant Cruz-Ramirez as Mr. Espinal in several entries. Those entries are not, however, contemporaneous with the precise statements by defendant Cruz-Ramirez that defendant Herrera seeks to admit.

[2] Government counsel pointed out to the defendants that if all parties agreed to authentication of all recordings, then both sides would gain admissibility of any recordings they wanted (hearsay and relevance objections notwithstanding) but that authentication would end up cutting both ways. The Court agreed. Defendant Herrera stood firmly with that position and whined the most about certain Danish witnesses and the failure of the government not to expose the recording device to the world. He certainly was aware of this tactical choice and cannot now credibly feign incredulity and injustice over his inability to authenticate recordings he must have known he was interested in.

GOVERNMENT'S MOT.
[CR 08-730 WHA]                    2

1 **averted only through presentation of another portion**, the material required for
2 completeness is ipso facto relevant and therefore admissible.'" *United States v. Collicott*,
3 92 F.3d 973, 983 (9th Cir. 1996) (*quoting Beech Aircraft Corp. v. Rainey*, 488 U.S. 153,
4 172 (1988)).  The Rule, therefore, serves to complete misrepresentation through the
5 document or recording itself – not to evidence "necessary to explain [the defendant's]
6 theory of the case." *United States v. Velasco*, 953 F.2d 1467, 1476 (7th Cir. 1992).
7 Contrary to the misrepresentations in defendant Herrera's motion, the portion he seeks is
8 not necessary to avoid misrepresentation or distortion of any other portion of the
9 recording.  As described below in more detail, it is muddying without admission of the
10 entirety of the transcript – including many pages that the government would like to admit,
11 but for which Mr. Espinal was not present.  Furthermore, Rule 106 "does not compel
12 admission of otherwise inadmissible hearsay evidence." *Collicott*, at 983.  As the portion
13 defendant Herrera seeks to admit is recounting of an event by defendant Cruz-Ramirez
14 offered for the truth of the matter asserted, it is clearly hearsay.  Herrera's motion also
15 fails because there is no authentication of that portion.  Defendant Herrera cites no
16 authority for admitting this portion.

17    As an alternative, however, the government would not object to the entire recording
18 coming into evidence.  Such would be appropriate if defendant Herrera's portion were
19 admitted, pursuant to Fed. R. Evid. 106.  That would be appropriate because defendant
20 Herrera's myopic description of the portion he seeks to admit is clarified by the entire
21 recording.  At no point during the portion that defendant Herrera seeks to admit – despite
22 defendant Herrera's misleading arguments in his motion – did Cruz-Ramirez state that he
23 was talking about a shotgun.  Furthermore, even if Cruz-Ramirez were in fact discussing
24 a shotgun, there is nothing in the portion Herrera seeks to admit that indicates Cruz-
25 Ramirez was discussing the Estrada murder. During the recording, then-informant
26 Roberto Acosta, a/k/a "Little Bad Boy" was attempting to purchase weapons from
27 defendant Cruz-Ramirez and others, and he actually discussed purchasing a "thing" on
28 defendant Herrera's transcript.  While defendant Herrera argues that the portion he seeks

1 to admit relates to the shotgun from the murder of Armando Estrada, there is no such
2 statement on the recording. Instead, the conversation went on to where defendant Cruz-
3 Ramirez discussed with Mr. Acosta a large number of weapons that Cruz-Ramirez said he
4 could purchase from an unknown source, including grenades, bombs, firearms, a bullet-
5 proof vest, and an AK-47. In light of the totality of the recording, it becomes clear that
6 defendant Cruz-Ramirez was discussing some of those items rather than the shotgun from
7 the Estrada murder.

8 Therefore, the portion defendant Herrera offers fails to meet the test that the
9 defendants have claimed is required for the admission of recordings. The government,
10 nonetheless, would agree to admit the entirety of the recording (with a proper transcript as
11 to the several entries that mistakenly identify defendant Cruz-Ramirez as Mr. Espinal)
12 through Mr. Espinal. The government is relatively sure, however, that defendant Cruz-
13 Ramirez would object to the admission of any of the portions for which Mr. Espinal was
14 not present. The government, therefore, believes it likely that no additional parts of
15 DH188 are admissible, based on the defendants' own prior objections.

DATED: July 7, 2011

          MELINDA HAAG
          United States Attorney

    By:  /s/
       W.S. WILSON LEUNG
       WILLIAM FRENTZEN
       Assistant United States Attorneys

       THERYN G. GIBBONS
       Trial Attorney, U.S. Department of Justice